NUMBER 13-99-490-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


CHARLES TANGUMA,
Appellant, 

v.


THE STATE OF TEXAS, Appellee. 

____________________________________________________________________


On appeal from the 24th District Court of Victoria County, Texas.
____________________________________________________________________ 

O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez(1)

Opinion by
Justice Hinojosa 





A jury found appellant, Charles Tanguma, guilty of the offense of burglary of a habitation.(2) Appellant pleaded true to an enhancement
paragraph alleging a prior felony conviction, and the trial court assessed his
punishment at sixty years imprisonment and a $5,000 fine. By three points of
error, appellant contends the court reporter's failure to transcribe a complete
record is reversible error, the trial court erred in denying his motion for
continuance, and his trial counsel was ineffective for failing to challenge any
venirepersons for cause. We affirm. 

I. Court Reporter's Failure
to Transcribe a Complete Record

By his first point of error, appellant contends reversible error occurred
because the court reporter failed to record six bench conferences held during
his trial. 

A. Rule 13.1 and the Burden It
Imposes

The rules of appellate procedure provide that:[t]he
official court reporter or court recorder must: 

(a) attend court sessions and make a full record of the proceedings unless
excused by agreement of the parties. 

Tex. R. App. P. 13.1(a)(emphasis added). The comments
following Rule 13.1 state: 

Paragraph 13.1(a) merges paragraphs (a)(1) and (2)
of former Rule 11 and now requires the reporter to make a record of voir dire and closing arguments unless excused by
agreement of the parties. 

Tex. R. App. P. 13.1, note & cmts. When
construing a procedural rule adopted by the court of criminal appeals, we
employ the ordinary tools of statutory construction. Hill v. State, 3
S.W.3d 249, 251 (Tex. App.--Waco 1999, pet. ref'd)
(citing Merriam-Webster's Collegiate Dictionary 929 (10th ed.)).
We construe "proceedings" to mean those events or happenings which
occur during the course of a trial or other hearing. Id.
The duties imposed on the court reporter by Rule 13.1 are not met by simply
filing the reporter's record with the appropriate appellate court. State v. Creel, 895 S.W.2d 899, 900 (Tex. App.--Waco 1995,
orig. proceeding). The record filed must also be complete and accurate. Id.


Prior to the 1997 amendment of the appellate
rules, a record was required only when it was requested by the trial court or a
party. Texas Rule of Appellate Procedure 11 then stated: 

Rule 11. Duties of Court Reporters

(a) The duties of official court reporters shall . . . include but not be
limited to: 

(1) attending all sessions of court and making a full record of the evidence when
requested by the judge or any party to a case, together with all
objections to the admissibility of the evidence, the rulings and remarks
thereon; 

(2) making a full record of jury arguments and voir
dire examination when requested to do so by the attorney for any party to a
case, together with all objections to such arguments, the rulings and
remarks of the court thereon; . . . 

Tex. R. App. P. 11(a), 49 Tex. B. J. 561 (Tex. Sup.
Ct. and Tex. Crim.
App. 1986, amended 1997)(emphasis added); see also,
Gibbs v. State, 819 S.W.2d 821, 828 (Tex. Crim.
App. 1991). 

Before the 1997 amendment, the burden was on the defendant to request that
the court reporter make a full recordation of the proceedings. Since 1997, the
burden has been on the court reporter to record all of the proceedings, unless
excused by agreement of the parties. 

We acknowledge that one of our sister courts has declared Rule 13.1 void.
Polasek v.
State, 16 S.W.3d 82, 88-89 (Tex.
App.--Houston [1st Dist.] 2000, no pet. h.). The Polasek
court found that the new rule constituted "an enlargement of a defendant's
substantive rights, in violation of the mandate that rules not modify the
substantive rights of litigants," and impermissibly conflicts with an
existing statute, section 52.046 of the government code.(3)
Polasek, 16 S.W.3d at
88-89. We decline to follow Polasek. 

It is true that the court of criminal appeals is granted rulemaking power to
promulgate rules of posttrial, appellate and review
procedure in criminal cases, but that its rules may not abridge, enlarge, or
modify the substantive rights of a litigant. Tex. Gov't Code Ann. § 22.108(a) (Vernon Supp.
2001); Lyon v. State, 872 S.W.2d 732, 735 (Tex. Crim.
App. 1994). However, we agree with the dissent in Polasek
that new Rule 13.1 does not create a substantive change from the prior rule,
but instead merely alters the procedural requisites for ensuring that legal
proceedings are officially recorded. Polasek, 16 S.W.3d at 90-91 (Price, J., dissenting). Criminal
defendants have always had the right to have the proceedings in their cases
fully recorded. The change in the rule merely eliminates a procedural burden on
a defendant to initially request the presence of a court reporter. 

Additionally, we see no conflict with section 52.046 of the government code,
which specifically gives the Supreme Court of Texas the authority to adopt
rules regarding the duties of court reporters in civil cases. The court of
criminal appeals has concurrent powers to adopt rules regarding appellate
procedure in criminal matters. Tex.
Gov't Code Ann. § 22.108(a)(Vernon
Supp. 2001). 

We further note that an analogous rule
regarding suits affecting the parent-child relationship is found in the family
code: 

§
105.003. Procedure for Contested Hearing . . . 

(c) A record shall be made as in civil cases generally unless waived by
the parties with the consent of the court. 

Tex. Fam. Code Ann. § 105.003 (Vernon
1996) (emphasis added). Section 105.003(c) has been interpreted as imposing an
affirmative duty on the trial court to insure that the court reporter makes a
complete record of the proceedings. See Stubbs v. Stubbs, 685 S.W.2d
645-46 (Tex. 1985); In re
Vega, 10 S.W.3d 720, 722 (Tex. App.--Amarillo 1999, no pet.). 

We do not believe that Rule 13.1 imposes any duty on the trial court, however, the unambiguous language of Rule 13.1
imposes a duty on the court reporter to record all of the proceedings, unless
excused by agreement of the parties. Finding no valid reason for holding Rule
13.1 void, we respectfully decline to follow Polasek.


B. What Was Not Recorded in This Case

Appellant complains that the court reporter failed to record six bench
conferences held during his trial. 

1. First Bench Conference

Appellant complains the court reporter failed to record a bench conference
held before the case was called. 

2. Second Bench Conference

Appellant complains the court reporter failed to record a bench conference
which occurred after voir dire had begun, but prior
to any questioning of the panel. According to the court reporter's record, the
following occurred: 

The Court: (addressing the jury panel): . . . Again, the offense that Mr. Tanguma is charged with is burglary of a habitation. A
person can commit the offense of burglary of a habitation if, without the
effective consent of the owner, he enters a habitation and commits or attempts
to commit theft. With that, is [sic] the state and Defendant ready to proceed
with questioning of the jury? 

Prosecutor: State is, your Honor. 

Defense Counsel: Yes, your Honor. 
The Court: State may proceed, and if you will wait a minute, my court reporter
needs to move. 

(Momentary lapse.) 

Prosecutor: May we approach the Bench just for one moment, your Honor? 

The Court: Yes. 

(A discussion occurred at the Bench and the
proceedings were not requested to be reported.) 

The Court: State may proceed . . .; 

3. Third & Fourth Bench
Conferences

Appellant complains the court reporter failed to record two bench
conferences that occurred at the conclusion of voir
dire. The record reflects the following occurred: 

Defense Counsel: Is there anyone who was present in their home when it was
burglarized? 

I believe those are all the questions I have. I don't know if y'all have any questions
you wanted to ask or any concerns you wanted to address at this point, but I
thank you for your attention. 

The Court: I need to visit with the attorneys up at the Bench just a minute,
and then I will be with everybody as to how much time they need. 

(A discussion occurred at the Bench and the proceedings were not requested to
be reported.) 

Defense Counsel: Mr. Gonzales, are you present here? 

The Court: No. 32; Mr. Gonzales, 32. 

Defense Counsel: You're back there, right? We had
thought for a moment -- did you raise your hand when everybody was asked
whether or not they would have problems being here Thursday and Friday? 

Mr. Gonzales: Yes, ma'am. I was gonna go out of town
Thursday night to Mexico.
. . . 

Defense Counsel: And that would be Thursday night? 

Mr. Gonzales: Yes . . . . 

Defense Counsel: Thank you, sir. 

The Court: Let me visit with the attorneys up here just a minute. 

(A discussion occurred at the Bench and the proceedings were not requested to
be reported.) 

The Court: Members of the jury, we need about 20 minutes, so let me give y'all
a break at this time and remind y'all not to talk among yourselves or with
anyone else about the case or remain within hearing of anyone discussing it. .
. . If we're gonna be longer than 20 minutes, I will
have the bailiff come let you know about how much longer it will be. Thank you
very much. 

After the panel left the courtroom, counsel and the trial court questioned venireperson Arrisola, who had
checked "yes" on her juror information card to the question --
whether she had ever served on a civil jury. After Arrisola
left, the record notes, "(Momentary lapse)." The court and counsel
next discussed venireperson Jones, who was excused by
agreement. The following colloquy then occurred: 

Defense Counsel: Your Honor, also I wanted to check with the Court and ask
if we were going to do Mr. Hernandez's plea after the jury's been -- 

The Court: Well, let me go ahead and get you to do this. 

Defense Counsel: Right. That's why I wanted to check first. 

(Lapse in proceedings.) 

Apparently, the panel was brought back into the courtroom, although the record
does not so reflect. The record resumes with the trial court reading the list
of jury members. 

The Court: As your name is called, if you will please come take a seat in
the jury box . . . . 

There is no record of any challenges for cause made by appellant's trial
counsel to any venireperson. 

4. Fifth Bench Conference

Appellant complains the court reporter failed to record a bench conference that
occurred after the State's redirect examination of the police officer who
arrested him. The record reflects the following occurred: 

Prosecutor: Did it appear from -- you said it
wasn't in your report about the -- one man chasing another, but it did appear
from the Defendant's condition when you first encountered him that there had
been a chase? 

The Witness: Oh, yeah, they were both out of breath. 

Prosecutor: Okay. No further questions, your Honor. 

Defense Counsel: I've nothing further, your Honor. 

Prosecutor: Your Honor, may we approach for just a moment? 

The Court: Yes. 

(A discussion occurred at the Bench and the proceedings were not requested to
be reported.) 

The Court: Thank you. You may be excused. 

The Witness: Thank you. 

5. Sixth Bench Conference



Appellant complains the court reporter failed to record a bench conference that
occurred after the State rested. According to the reporter's record, the
following occurred: 

Prosecutor: Your Honor, ladies and gentlemen of the
jury, the State rests. 

The Court: Attorneys approach the bench, please. 

(A discussion occurred at the Bench and the proceedings were not requested to
be reported.) 

C. Analysis

1. First
Bench Conference

We hold the court reporter
did not err by failing to record the bench conference held before the case was
called for trial. The conference occurred before the case was called, and was,
therefore, not part of the "proceedings" contemplated by Rule 13.1. See
Hill, 3 S.W.3d at 251. If appellant wanted this
conference recorded, it was his burden to obtain the court reporter's presence
and ensure the conference was duly recorded. 

2. The Other
Unrecorded Bench Conferences

The remaining five unrecorded bench conferences, however, are different. They
occurred after the trial proceedings were underway, and there is no evidence
that the court reporter was excused by agreement of the parties, as explicitly
required by Rule 13.1. We hold that under these circumstances, it is error for
a court reporter to fail to record a bench conference that occurs after the
trial proceedings have begun without the explicit agreement of the parties. 

We acknowledge case law promulgated under the prior rule, holding that an
appellant must object to the court reporter's failure to record certain
proceedings in order to preserve that issue for appeal. Williams v. State,
937 S.W.2d 479, 486-87 (Tex. Crim. App. 1996);
Walthall v. State, 594 S.W.2d 74, 81 (Tex. Crim.
App. 1980)(bench conferences); Wells v. State, 578 S.W.2d 118, 119
(Tex. Crim. App. 1979)(voir
dire); Quinn v. State, 991 S.W.2d 52, 54 (Tex. App.--Fort Worth 1998,
pet ref'd) (bench conferences); Flores v. State,
894 S.W.2d 803, 805-06 (Tex. App.--Corpus Christi 1994, pet. ref'd) (return of verdict -- testimony of one witness).
However, under the prior rule, the defendant had an affirmative duty to request
recordation of the proceedings. Under the new rule, the affirmative duty to
record all proceedings has been placed squarely on the court reporter, not the
defendant. We further hold that, under these circumstances, appellant's failure
to object to the court reporter's failure to record the conference has not
waived the issue for appeal.(4)

The court of criminal appeals has promulgated Rule 13.1, and we are bound to
follow the directives of the higher court. The unambiguous language of Rule
13.1 places the burden of ensuring recordation and transcription of the entire
proceedings on the court reporter, unless excused from doing so by agreement of
both parties. We hold that the court reporter's failure to record and
transcribe all bench conferences that occurred after the trial commenced,
without agreement of the parties, constitutes error. 

D. Consequences of this Error

Texas Rule of Appellate Procedure 44.2 provides there are two kinds of error
in criminal cases: 

(a) Constitutional Error. If the appellate record in a criminal
case reveals constitutional error that is subject to harmless error review, the
court of appeals must reverse a judgment of conviction or punishment unless the
court determines beyond a reasonable doubt that the error did not contribute to
the conviction or punishment. 

(b) Other Errors. Any other error, defect, irregularity, or variance
that does not affect substantial rights must be disregarded. 

Tex. R. App. P. 44.2. The crucial
question here is which standard applies. 

Appellant contends that some of the unrecorded bench conferences occurred
during voir dire and may have contained discussion
between the trial court and counsel regarding possible challenges for cause
made by his trial counsel. He asserts that because voir
dire is a "critical stage of a criminal trial for constitutional
purposes," his conviction must automatically be reversed, citing Gomez
v. United States, 490 U.S.
858, 873 (1989). In Gomez, the United States Supreme Court stated: 

[j]ury selection is the primary means by which a
court may enforce a defendant's right to be tried by a jury free from ethnic,
racial or political prejudice, or predisposition about the defendant's
culpability. 

Id. (citations omitted).


However, the Texas Court of Criminal Appeals has held that: 

[e]xcept for certain federal constitutional errors
labeled by the United States Supreme Court as "structural,"(5) no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory
requirement, is categorically immune to a harmless error analysis. Of course,
where the error involved defies analysis by harmless error standards or the
data is insufficient to conduct a meaningful harm analysis, then the error will
not be proven harmless beyond a reasonable doubt. . . . Hence it may be true
that some kinds of errors (particularly jurisdictional ones) will never be
harmless and that some other kinds of errors will rarely be
harmless. But, appellate courts should not automatically foreclose the
application of the harmless error test to certain categories of error. Where an
error is shown to be harmless, it is not a ground for reversal, regardless of
the category or label attached to that particular category. 

Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim.
App. 1997); see also Gonzales v. State, 994 S.W.2d 170, 171 (Tex. Crim. App. 1999). 

1. Structural Error

Structural error is a defect affecting the framework within which the trial
proceeds, rather than simply an error in the trial process itself. Neder v. United States, ___ U. S. ___,
119 S.Ct. 1827, 1833 (1999);Johnson v. United
States, 520 U.S. 461, 468 (1997); Arizona v. Fulminante,
499 U.S. 279, 309-10 (1991). Errors of this type are so intrinsically harmful
as to require automatic reversal without regard to their effect on the outcome.
Neder, 119 S.Ct.
at 1833. Structural errors infect the entire trial process, Brecht
v. Abrahamson, 507 U.S.
619, 630 (1993), and necessarily render a trial fundamentally unfair. Rose
v. Clark, 478 U.S.
570, 577 (1986). These errors deprive defendants of basic protections without
which a criminal trial cannot reliably serve its function as a vehicle for
determination of guilt or innocence and no criminal punishment may be regarded
as fundamentally fair. Id. at 577-78. 

Very few kinds of errors have been found to be structural. Neder, 119 S. Ct. at 1833; Johnson, 520
U.S. at 468 (citingGideon v. Wainwright,
372 U.S. 335, 338 (1963) (complete denial of counsel);Tumey
v. Ohio, 273 U.S. 510 (1927) (biased trial judge); Vasquez v. Hillery, 474 U.S. 254 (1986) (racial discrimination in
selection of grand jury); McKaskle v.
Wiggins, 465 U.S. 168 (1984) (denial of self-representation at trial); Waller
v. Georgia, 467 U.S. 39 (1984) (denial of public trial); Sullivan v.
Louisiana, 508 U.S. 275 (1993) (defective reasonable-doubt instruction)).
The United States Supreme Court has not deemed a court reporter's failure to
record bench conferences a structural error, and we decline to do so. 

2. Non-Structural Constitutional
Error

Constitutional provisions bear on the selection of a jury for the trial of a
criminal case. See U.S. Const. amend. VI; Tex. Const. art. I, § 10 (defendant has a right to assistance of
counsel and trial by an impartial jury). The Sixth Amendment guarantee of
assistance of counsel encompasses the right to an adequate voir
dire to identify unqualified jurors. Morgan v. Illinois, 504 U.S. 719, 729 (1992); Raby v.
State, 970 S.W.2d 1, 10 (Tex. Crim. App. 1998).
Essential to the guarantee is the right to question veniremembers
in order to intelligently exercise peremptory challenges and challenges for cause.
Raby, 970 S.W.2d at 10; Linnell
v. State, 935 S.W.2d 426, 428 (Tex. Crim. App.
1996). The right to propound questions on voir
dire is of the greatest importance. Hernandez v. State,
508 S.W.2d 853, 854 (Tex. Crim. App. 1974). 

However, there is no assertion by appellant that he was improperly
restricted in his questioning of the panel, or even that portions of the voir dire were not recorded and transcribed. The error
complained of by appellant is the failure of the court reporter to record
certain bench conferences. The actual questioning of the veniremembers
is fully recorded, and we may look to the record to see if the voir dire establishes that any panel member was biased or
impartial. 

Even if the constitutional right to trial by an impartial jury were
implicated, that right is not violated by every error in the selection of a
jury. Jones v. State, 982 S.W.2d 386, 391 (Tex. Crim.
App. 1998) (holding that the erroneous excusal of a venire member will call for
reversal only if the record shows that the error deprived the defendant of a
lawfully constituted jury). The court of criminal appeals has made clear that
only in very limited circumstances will jury selection error amount to a
constitutional violation. Jones, 982 S.W.2d at 391 (noting that constitutional
jury selection error occurs when a juror is erroneously excused because of
general opposition to the death penalty (Witherspoon(6) error)). Erroneous denial of a defendant's
challenge for cause resulting in the loss of a peremptory challenge in a
capital case does not violate the constitutional right to an impartial jury. Ross
v. Oklahoma, 487 U.S.
81, 88-90 (1988). Exclusion of jurors for impermissible reasons (such as race,
sex or ethnicity) may violate other constitutional provisions. Jones, 982 S.W.2d at 386. However, that kind of error is not
implicated in this case. A mere error in ruling on a challenge for cause does
not violate the state or federal constitution. Id.at 391. The
court of criminal appeals has recently held that the Rule 44.2(b) standard of
review for non-constitutional error is to be applied to an erroneous denial of
a defendant's challenge for cause. Johnson v. State, No. 1353-99, slip op. At 1, 2001 Tex. Crim.App. LEXIS 23, at *1 (Tex.
Crim. App. March
 23, 2001). 

We hold that the error articulated by appellant, the failure of the court
reporter to record any possible challenges for cause
made by his defense counsel, does not rise to the level of constitutional
error. 

3. Non-Constitutional Error

When non-constitutional error is found, the appellate court must disregard
any error that does not affect substantial rights. Tex.
R. App. P. 44.2. A substantial right is affected when the error had a
substantial and injurious effect or influence in determining the jury's
verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not
be overturned for non-constitutional error if the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect. Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998);Rios v. State, 982 S.W.2d 558, 561 (Tex.
App.--San Antonio 1998, pet. ref'd). Our Rule 44.2(b)
standard is based on the federal harmless error rule. Carranza v. State, 980 S.W.2d 653,
657 (Tex. Crim. App. 1998). The United States
Supreme Court has construed the nearly identical federal harmless error rule as
follows: 

If, when all is said and done, the [court's]
conviction is sure that the error did not influence the jury, or had but very
slight effect, the verdict and the judgment should stand. . . . But if one
cannot say, with fair assurance, after pondering all that happened without
stripping the erroneous action from the whole, that the judgment was not
substantially swayed by the error, it is impossible to conclude that
substantial rights were not affected. The inquiry cannot be merely whether
there was enough to support the result, apart from the phase affected by the
error. It is rather, even so, whether the error itself had substantial
influence. If so, or if one is left in grave doubt, the conviction
cannot stand. 

O'Neal v. McAninch, 513 U.S.
432, 437-38 (1995)(emphasis in original); see also,
Cavazos v. State, 969 S.W.2d 454, 457 (Tex. App.--Corpus Christi 1998)
(citing Kotteakos v. United States,
328 U.S. 759,
776 (1946)). "Grave doubt" means "in the judge's mind, the
matter is so evenly balanced that he feels himself in virtual equipose as to the harmlessness of the error." O'Neal,
513 U. S. at
435. 

The United States Supreme Court has also explained that it is the
responsibility of an appellate court to determine whether a trial error
affected the resulting judgment. O'Neal, 513 U.S.
at 437. The court of criminal appeals has adopted this approach: We find the
Supreme Court's reasoning compelling and adopt this reasoning for application
to Rule 44.2(b). We hold that it is the responsibility of the appellate court
to assess harm after reviewing the record and that the burden to demonstrate
whether the appellant was harmed by a trial court error does not rest on the
appellant or the State. 

Johnson, No. 1353-99, slip op. at 7, 2001 Tex. Crim. App. LEXIS 23, at *10. 

a. Possible Challenges for Cause

Appellant argues that because the third and fourth bench conferences may
have contained appellant's challenges for cause against venirepersons
who stated they or their families had been victims of burglaries, and the trial
court's denial of any such challenges for cause, the lack of a complete record
prevents him from meaningfully pursuing any possible appellate issues on the
denial of these putative challenges for cause, and he is, therefore, entitled
to a reversal of his conviction. However, we find several flaws in appellant's
argument. 

A challenge for cause is an objection made to a particular juror, alleging
some fact which renders him incapable or unfit to serve on the jury. Tex. Code Crim. Proc. Ann. art. 35.16(a)(Vernon
1989). A challenge for cause may be made by either the state or the defense on
the basis of a prospective juror having a bias or prejudice in favor of or
against the defendant. Tex. Code Crim. Proc. Ann. art.
35.16(a)(9) (Vernon
1989). The defense may also challenge for cause any prospective juror having a
bias or prejudice against any of the law applicable to the case upon which the
defense is entitled to rely, either as a defense to some phase of the offense
for which the defendant is being prosecuted or relating to mitigation or
punishment. Tex. Code Crim. Proc. Ann. art.
35.16(c)(2) (Vernon
Supp. 2001). The court of criminal appeals has held, however, that: 

[l]itigants are entitled to jurors who will be
genuinely open-minded and persuadable, with no extreme or absolute
positions. . . . Complete impartiality cannot be realized as long as human
beings are called upon to be jurors. No person sitting as a juror can
completely remove his own experiences, beliefs, and values, however hard he may
try. 

Jones, 982 S.W.2d at 389 (emphasis in original).


(1) Did appellant have the burden
of ensuring preservation of error?

An appellant must properly preserve any issue for which he wants appellate
review. Tex. R. App. P. 33.1. The
following steps must be taken to preserve error following the erroneous denial
of a challenge for cause: 

(1) the voir dire of the challenged veniremember(s) must be recorded and transcribed; 

(2) the challenge(s) must be clear and specific; 

(3) following the denial of the challenge(s) for cause, the defendant must
peremptorily strike the veniremember(s); 

(4) all peremptory strikes must be exhausted; 

(5) after the peremptory strikes are exhausted, the defendant must request
additional peremptory strikes to cure the error from the erroneous denial of
the challenge(s) for cause; 

(6) the request for sufficient additional peremptory strikes to cure the error
from the erroneous denial of the challenge(s) for cause must be denied; and 

(7) finally, the defendant must identify at least one member who was selected
to serve on the jury as objectionable, the significance being that the
objectionable juror(s) would have been peremptorily struck had the trial court
not erred in denying the challenge(s) for cause. 

Jacobs v. State, 787 S.W.2d 397, 405 (Tex. Crim.
App. 1990); Harris v. State, 790 S.W.2d 568, 581 (Tex. Crim. App. 1989); see also Johnson, No 1353-99,
slip op. at 8, 2001 Tex. Crim. App. LEXIS 23 at *11 (holding that, if these
preservation requirements are met, any error in the denial of a challenge for
cause is reversible error). This well-established case law places a burden on
the defendant, independent of the burden on the court reporter established by
Rule 13.1, to ensure that any challenges for cause he makes are recorded and
transcribed. This burden also comports with the requirement of Texas Rule of
Appellate Procedure 33.1 that an appellant must properly preserve issues for
which he wishes appellate review. See Tex.
R. App. P. 33.1. In this case, appellant failed to ensure that his challenges
for cause, if any, were recorded and transcribed. 

(2) Did appellant use peremptory
strikes against

the
venire persons he now identifies as objectionable?

The record clearly shows
appellant did not use any of his peremptory strikes to exclude Bauer and
Frederick, the venire persons he now complains of. 

(3) Did
appellant request additional peremptory strikes?

Appellant has not shown that he requested additional peremptory strikes, nor
that such a request was denied by the trial court. Again, the appellant has the
burden of preserving any issues for which he wants appellate review. Tex.
R. App. P. 33.1. 

(4) Has appellant shown that an

objectionable
juror actually sat on the jury?


Even if we consider the court reporter's error in failing to record all bench
conferences without express agreement of the parties to have waived or trumped
appellant's failure to ensure any challenges for cause made by him and
erroneously denied by the trial court were properly
recorded and transcribed, appellant has failed to demonstrate that an
objectionable juror actually sat on the jury. 

Appellant's only articulated complaint is that
two venirepersons who had been victims of burglaries
were seated on the jury: a Mr. Bauer and a Ms. Frederick. The State asked the
panel whether any of them had ever been the victim of a burglary. Bauer
indicated that he had been a victim of a home and vehicle burglary in Victoria
about eight years ago, but that there was nothing about that experience that
would prevent him from listening to the evidence in this case or reaching a
verdict. Frederick stated that she
had been the victim of a burglary in Hawaii
some seventeen years ago, but that there was nothing about that experience that
would cause her difficulty in sitting in this case. 

Defense counsel questioned the panel about
whether any of them had relatives who had been burglarized. Venire persons
Coleman,(7)Sprinkle,
and Reese responded affirmatively; none of these three venirepersons
was seated on the jury. Bauer and Frederick did not respond to this question,
and the defense did not question them further about their own experiences as
burglary victims, or their ability to be fair in this case. Appellant has not
demonstrated that jurors Frederick or Bauer, or any other juror, was
impermissibly biased. 

(5) If appellant had preserved
error, would he be entitled to a reversal?

Assuming the trial court denied a challenge for
cause to the seating of Bauer and Frederick, and the issue is properly before
us, appellant must demonstrate that the denial of such a challenge for cause
affected a substantial right. In Texas,
the trial court has discretion in ruling on challenges for cause, and its
rulings will not be upset on appeal absent an abuse of discretion. Ladd v. State, 3 S.W.2d 547, 559 (Tex. Crim.
App. 1999); Banda v. State, 890 S.W.2d 42, 53-54 (Tex. Crim. App. 1994). An appellate court must examine
the record as a whole to determine whether there is support for the trial
court's rulings, and, in doing so, the appellate court must give deference to
the trial court, which was in a position to actually see and hear the venireman. Ladd, 3 S.W.2d at 559;
Banda, 890 S.W.2d at 53-54. 

We discern no abuse of discretion in any possible
denial of a challenge for cause to jurors Bauer and Frederick,
and therefore, discern no affectation of a substantial right. Both testified
that, while each had been the victim of a burglary years ago, the experience
would not impair their ability to be an impartial juror. We hold that, under
these circumstances, there would have been no error in the denial of a
challenge for cause against Bauer and Frederick. Therefore, we cannot discern
that any substantial right of the appellant has been affected. 

b. The Other Unrecorded Bench
Conferences

Appellant has asserted no consequences from the failure of the court
reporter to record the remaining three bench conferences. The second bench
conference occurred after the trial judge addressed the panel, but before the
attorneys began voir dire questioning of the panel.
The fifth bench conference occurred after the State's redirect examination of
one of its witnesses, and the sixth bench conference occurred after the State
rested. We cannot ascertain that any substantial right was affected by the
failure of the court reporter to record these conferences. 

We hold that the court reporter's failure to completely record the
proceedings at trial was error. However, the error is not of constitutional
dimension, and we have held that none of appellant's substantial rights has
been affected. We must, therefore, disregard the error. Tex.
R. App. P. 44.2. Appellant's first point of error is overruled. 

II. The Motion for
Continuance 

By his third point of error, appellant contends the trial court erred in not
granting his motion for continuance. 

A. Standard of Review

The code of criminal procedure provides that: 

[a] criminal action may be continued on the written
motion of the State or of the defendant, upon sufficient cause shown; which
cause shall be fully set forth in the motion. A continuance may be only for as
long as is necessary. 

Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). All motions for continuance must be sworn to by a
person having personal knowledge of the facts relied on for the continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989).
The trial court's ruling on a motion for continuance is reviewed for abuse of
discretion. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996); Heiselbetz v. State, 906
S.W.2d 500, 511 (Tex. Crim. App. 1995). To
find an abuse of discretion in refusing to grant a motion for continuance,
there must be a showing that the defendant was prejudiced by his counsel's
inadequate preparation time. Wright, 28 S.W.3d at 532;Heiselbetz, 906 S.W.2d at 511; Duhamel
v. State, 717 S.W.2d 80, 83 (Tex. Crim. App.
1986); Hernandez v. State, 643 S.W.2d 397, 399-400 (Tex. Crim. App. 1983). Specific prejudice may include unfair
surprise, an inability to effectively cross-examine the State's witnesses, or
the inability to adduce crucial testimony that could have been given by
potential witnesses. See Janecka, 937 S.W.2d at 468. 

Where a denial of a continuance has resulted in demonstrated prejudice,
appellate courts have not hesitated to declare an abuse of discretion. Janecka,
937 S.W.2d at 468; Heiselbetz, 906 S.W.2d at
511; Rosales v. State, 841 S.W.2d 368, 373 (Tex. Crim.
App. 1992). However, a mere statement that counsel did not have enough
time to prepare an adequate defense does not demonstrate prejudice; the
appellant must establish a specific prejudice to his cause arising from the
trial court's failure to continue the trial. See Heiselbetz,
906 S.W.2d at 511. Likewise, a bare assertion that
counsel did not have adequate time to interview the State's potential witnesses
does not alone establish prejudice. Id.
at 512; Cooks v. State, 844 S.W.2d 697, 725 (Tex. Crim.
App. 1992). An assertion that counsel did not have time to adequately
investigate medical records for potential mitigating evidence without any
showing of harm also fails to establish an abuse of discretion.Heiselbetz,
906 S.W.2d at 512; Duhamel, 717 S.W.2d at
83. Appellate courts have also upheld the denial of a motion for continuance
where counsel has not had time to read reports, Duhamel,
717 S.W.2d at 83, and where counsel was appointed close to the trial date and
had only a short time in which to prepare for trial. Hernandez, 643
S.W.2d at 399-400 (counsel appointed twenty-four days before capital murder
trial); Wilson v. State, 944 S.W.2d 444, 446 (Tex. App.--Houston [14th
Dist.] 1997), aff'd, 977 S.W.2d 374 (Tex. Crim. App. 1998) (counsel appointed nineteen days before
felony drug possession trial). The key is whether the defense was actually
prejudiced by counsel's inadequate preparation time. Hernandez, 643 S.W.2d at 399-400. "That counsel merely desired
more time to prepare does not alone establish an abuse of discretion." Janecka, 937 S.W.2d at 468.
Counsel should make a bill of exception or file a motion for new trial to
explain how, if at all, her client was prejudiced by her inadequate preparation
time. See Ramirez v. State, 976 S.W.2d 219, 224-25
(Tex. App.--El Paso 1998, pet. denied); Greenwood v. State, 948 S.W.2d
542, 548 (Tex. App.--Fort Worth 1997, no pet.). 

B. Procedural History of Case

The trial court appointed appellant's trial counsel on November 25, 1998. The case was originally set
for a plea on January 9, 1999,
but was reset to February 3, 1999
for scheduling. On February 3, the case was set for a jury trial on June 28, 1999. On June 23, 1999, appellant's trial
counsel filed a written and sworn motion for continuance, stating that she was:


currently scheduled for jury trial on June 28, 1999 in Cause Nos.
98-8-3762-CR & 99-5-3005-CR, The State of Texas vs. Encarnacion
"Chon" Hernandez in the 24th District Court of
 Goliad County, Texas, which
matter was scheduled after the setting in this cause. This motion is not made
for delay, but so that justice may be done. 

On the afternoon of June 28, appellant urged his motion for continuance. His
counsel informed the trial court that during the previous week she had prepared
for the Hernandez case, which was second on the jury docket for trial in Goliad
 County, but that the case had been
reset that morning because a subpoenaed witness had not appeared. She told the
trial court that she had spoken with appellant "just once or twice in the
last week" regarding his case, and that appellant: 

was under the impression that his father had hired
Mr. Cihal in regard to this case, and therefore, we
did not have a very lengthy conversation in regard to this matter. I do not
feel that we are ready to go forward at this time. I feel that it will
prejudice Mr. Tanguma's rights as a Defendant, and he
is in agreement in regard to that and feels that his rights will be prejudiced
if we're required to go forward at this time. 

The trial court denied the motion for continuance. 

Appellant later filed an unverified motion for new trial, in which his trial
counsel stated that while appellant's case was scheduled as the fifth case for
jury trial on June 28, 1999, she was also scheduled for the second case
scheduled for jury trial in the district court of Goliad County, as well as the
fourth case scheduled for jury trial in Victoria County on that date. She
further stated that appellant was not ready for trial on that date due to her
other conflicting settings. 

Appellant, however, made no showing of any specific harm resulting from the
trial court's denial of his motion for continuance. Absent a showing of
prejudice, we cannot hold that the trial court abused its discretion in
overruling appellant's motion for continuance. See Heiselbetz,
906 S.W.2d at 511. Appellant's third point of error is
overruled. 

III. Ineffective Assistance
of Counsel

By his second point of error, appellant contends he received ineffective
assistance of counsel at trial because his attorney may have failed to
challenge jurors Bauer and Frederick for cause. Claims of ineffective
assistance are analyzed under the rule set forth in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted by Hernandez v. State,
726 S.W.2d 53, 56-56 (Tex. Crim. App. 1986). The Strickland
test is the benchmark for judging whether counsel's conduct has so undermined
the proper functioning of the adversarial process that the trial cannot be
relied on as having produced a reliable result.Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999) (citing McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)). The appellant must first show that trial
counsel's performance was not reasonably effective, falling below an objective
standard of reasonableness under the prevailing professional norms. Strickland,
466 U.S. at 694;Thompson, 9 S.W.3d at 812-13. A showing of
deficiency requires a demonstration that trial counsel made errors so serious
that he was not functioning as the counsel guaranteed a defendant under the
Sixth Amendment. Strickland, 466 U.S.
at 687. We must presume that counsel is better positioned than the appellate
court to judge the pragmatism of the particular case, and that counsel made all
significant decisions in the exercise of reasonable professional judgment. Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). There is also a strong presumption
that trial counsel's conduct was reasonable and constitutes sound trial
strategy. Strickland, 466 U.S.
at 689;McFarland, 845 S.W.2d at 843. The
"reasonably effective assistance" standard does not mean errorless
counsel. Ex parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez
v. State, 799 S.W.2d 507, 508 (Tex. App.--Corpus Christi 1991, pet. ref'd). 

If the appellant can demonstrate deficient assistance under the first part
of the Strickland test, he must then show that there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceedings would have been different. Strickland,
466 U.S. at 694; Thompson, 9 S.W.3d at 812; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim.
App. 1989). "A reasonable probability" means "a
probability sufficient to undermine confidence in the outcome."Strickland, 466 U.S. at
694; Thompson, 9 S.W.3d at 812; Ex parte
Walker, 777 S.W.2d 427, 430 (Tex. Crim. App.
1989). The prejudice element requires a showing that trial counsel's
errors were so serious as to deprive the defendant of
a fair trial -- one whose result is reliable. Strickland, 466 U.S.
at 687. The totality of the representation is evaluated from counsel's
perspective at trial, not his isolated acts or omissions in hindsight. Ex parte Welborn,
785 S.W.2d 391, 393 (Tex. Crim. App. 1990);
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim.
App. 1986). 

The assessment of whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); Stone v. State, 17 S.W.3d 348,
350 (Tex. App.--Corpus Christi 2000, pet. ref'd). The
appellant must prove his claim of ineffective assistance of counsel by a
preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991). Furthermore, he must show ineffective assistance firmly
rooted in the record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We may not speculate as to the
reasons behind trial counsel's actions nor should we try to second guess trial
counsel's tactical decisions which do not fall below the objective standard of
reasonableness. Young, 991 S.W.2d at 837-38;Solis
v. State, 792 S.W.2d 95, 100 (Tex. Crim. App.
1990); Stone, 17 S.W.3d at 350. 

Specifically, appellant contends his trial counsel was ineffective for
failing to challenge jurors Bauer and Frederick for cause. We have noted above
that the trial court would not have committed error in denying these challenges
for cause. Therefore, appellant has failed to overcome the presumption of
reasonableness, and has failed to meet the first requirement of the Strickland
test. See Strickland, 466 U.S.
at 694; McFarland, 845 S.W.2d at 843. 

After reviewing the entire record before us, we cannot say that appellant
received ineffective assistance of counsel. Appellant's second point of error
is overruled. 

The judgment of the trial court is affirmed. 

FEDERICO G. HINOJOSA 

Justice 



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the 

12th day of April, 2001. 

1. Retired Justice Melchor Chavez,
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon
1998).

2. Tex.
Pen. Code Ann. § 32.02(a)(Vernon
Supp. 2001).

3. Section 52.046 of the government code provides, in
relevant part, as follows: 

(a) On request, an official court
reporter shall: 

(1) attend all sessions of court; 

(2) take full shorthand notes of oral testimony offered before the court,
including objections made to the admissibility of evidence, court rulings and
remarks on the objections, and exceptions to the rulings; 

(3) take full shorthand notes of closing
arguments if requested to do so by the attorney of a party to the case,
including objections to the arguments, court rulings and remarks on the
objections, and exceptions to the rulings; 

* * * * *

(c) The supreme court
may adopt rules consistent with the relevant statutes to provide for the duties
and fees of official court reporters in all civil judicial proceedings. . . . 

Tex. Gov't Code Ann. § 52.046 (Vernon
1998) (emphasis added).

4. We express no opinion as to whether a defendant must
object to the absence of a court reporter, or the court reporter's failure to
record, at the beginning of the proceedings. Our holding today is limited to
proceedings that occur after the trial or hearing has begun with a court
reporter properly in attendance and recording the proceedings.

5. See Arizona
v. Fulminante, 499 U.S.
279, 309-310 (1991).

6. Witherspoon v. Illinois,
391 U.S. 510
(1968).

7. We note that Ms. Coleman's name does not appear on the
jury list provided to the parties and upon which they noted their peremptory
strikes. This suggests that Ms. Coleman, who indicated uncertainty as to
whether she could be an impartial juror, was indeed challenged for cause, and
that the challenge was sustained by the trial court.