11th Court of Appeals
Eastland, Texas
Opinion
 
Otha Lee Bernstine
            Appellant
Vs.                  No. 11-03-00252-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted Otha Lee Bernstine of the offense of aggravated assault. Upon his plea
of true to both enhancement allegations, the jury assessed appellant’s punishment at confinement for
33 years. We affirm. 
            Appellant presents three issues for review. In the first issue, appellant complains of error
committed when the court reporter failed to record some of the bench conferences. We find that
appellant failed to preserve this issue for review. The record shows that the court reporter who
recorded the second and third days of the trial did not record the bench conferences from the second
day of trial. On the morning of the third day, defense counsel brought the issue to the trial court’s
attention and noted that he had instructed the court reporter who was recording the proceedings on
the first day of trial to record the bench conferences. Defense counsel did not realize that a different
court reporter was present on day two. During this discussion, the prosecutor agreed with defense
counsel and stipulated regarding the bases for the objections made during a bench conference to the
State’s questioning of appellant’s brother about appellant’s drug use. 
            Appellant relies upon Tanguma v. State, 47 S.W.3d 663, 673-74 (Tex.App. - Corpus Christi
2001, pet’n ref’d), in support of his argument. However, Tanguma was disapproved of by the Court
of Criminal Appeals in Valle v. State, 109 S.W.3d 500, 508-09 (Tex.Cr.App.2003). In Valle, the
court held that an objection is required to preserve error when a court reporter fails to record a bench
conference. Valle v. State, supra. Defense counsel did not timely raise an objection to the court
reporter’s failure to record the bench conferences on the second day of trial. See Moore v. State, 999
S.W.2d 385, 398 (Tex.Cr.App.1999), cert. den’d, 530 U.S. 1216 (2000); see also Valle v. State,
supra. Because the error was not preserved for review, appellant’s first issue is overruled. 
            In his second issue, appellant contends that he was denied his right against self-incrimination
in violation of the Fifth Amendment when defense counsel made a deal with the State regarding the
admission of evidence, a self-defense instruction, and appellant’s testimony. The record shows that
defense counsel and the prosecutor reached an agreement that was put on the record in open court. 
The prosecutor agreed not to object to the admission of appellant’s medical records and a photograph
of appellant if appellant would agree not to request a charge on self-defense if he changed his mind
and decided not to testify. Appellant indicated at that time that he wanted to testify at trial. Sub-sequently, appellant did testify as a witness in his own behalf. 
            Although the propriety of the agreement between defense counsel and the prosecutor is
questionable, it had no effect in this case. Appellant’s Fifth Amendment rights were not violated. 
Appellant was not forced to testify, but chose to testify in his own behalf. If evidence other than
appellant’s testimony had supported his self-defense theory, an instruction on self-defense would
have been appropriate whether or not appellant chose to testify. In this case, the only evidence
raising self-defense was the testimony of appellant. By all other accounts, appellant was the initial
aggressor. Appellant’s second issue is overruled. 
            In the third issue, appellant argues that the evidence is factually insufficient because no
rational jury would have found against appellant on the issue of self-defense. On appeal from a
criminal conviction, a defendant properly attacks the jury’s failure to find the elements of his
affirmative defense by means of an against-the-great-weight-and-preponderance point of error. 
Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004). We must review such
an assertion by considering all the evidence and determining whether the verdict “is so against the
great weight and preponderance of the evidence so as to be manifestly unjust.” Zuniga v. State,
supra at *4 (citing Meraz v. State, 785 S.W.2d 146, 154-55 (Tex.Cr.App.1990)). 
            The record in this case shows that a domestic dispute occurred involving several members
of appellant’s family. The complainant in this case was appellant’s wife. The State presented
evidence showing that the complainant and appellant had been having some marital problems and
that, on the night of the offense, the complainant asked appellant to leave their house. Appellant
began gathering his things. The complainant followed appellant, and they were arguing. Appellant
pulled a kitchen knife out of his back pocket and “stuck” the complainant in the arm. The
complainant then picked up a coffee pot and attempted to hit appellant with it. Appellant darted into
the garage. The complainant told her oldest son, Little Jimmy Wilson, Jr., to go “get the bat.” While
Wilson was inside getting the baseball bat, the complainant and appellant continued the altercation
in the garage. Appellant stabbed and cut the complainant a total of five times. When Wilson came
back, he hit appellant hard a few times with the bat. Even though Wilson broke the bat while hitting
appellant and appellant’s head was “busted,” appellant kept coming at Wilson and the complainant
with the knife. After the bat broke, Wilson grabbed appellant and tried to subdue him. The
complainant was trying to help by hitting appellant from behind with a lamp. The struggle
eventually moved outside onto the driveway, where Wilson and the complainant pinned appellant
down and sat on top of him. Appellant still continued to struggle and would not let go of the knife
until the complainant’s 11-year-old son hit appellant’s hand several times with the blunt end of the
bat. After the knife fell out of appellant’s hands, the complainant and Wilson got off of appellant,
and appellant ran away. 
            According to Wilson, appellant “charged” back into the garage and attacked the complainant
with the knife. The testimony of the complainant, of Wilson, and of the complainant’s daughter
reveals that appellant was the aggressor and that the complainant had not threatened or assaulted
appellant prior to appellant’s use of the knife against the complainant. 
            In contrast to the testimony of the State’s witnesses, appellant testified that the complainant
was the first person to exhibit a knife and that he did not take his knife out of his pocket until after
Wilson hit him with the bat a couple of times. Appellant testified that “they” were attacking him
from both sides and that he just “lashed” out with his knife in self-defense. Appellant testified that
he ran away limping as soon as the complainant and Wilson got off of him. 
            We cannot hold that the jury’s failure to find in favor of appellant on the self-defense issue
was against the great weight and preponderance of the evidence. The jury was the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM.
PRO. ANN. arts. 38.04 & 36.13 (Vernon 1979 & 1981). As such, the jury was free to reject
appellant’s version of the incident and find against appellant on the affirmative defense. 
Furthermore, the evidence is factually sufficient with respect to the elements of the offense to
support the jury’s verdict finding appellant guilty of the offense of aggravated assault. Appellant’s
third issue is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
September 16, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.