PARKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-221-CR

JAMES EDWARD PARKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION 

Appellant pleaded guilty to indecency with a child by contact in an open plea to the court.  He was sentenced to fifteen years’ confinement.  
In his sole issue on appeal, Appellant argues that the absence of a reporter's record of the sentencing hearing is reversible error.  We affirm. 

PROCEDURAL AND FACTUAL BACKGROUND 

As sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  Appellant pleaded guilty to indecency with a child by contact on January 9, 2004. 
 In his plea admonishments Appellant gave up “the right to have a Court reporter make a record of the proceedings when my case(s) is heard and I enter my plea.” 
Directly below this statement are the signatures of Appellant and his trial counsel.  
On April 4, 2004 the court sentenced Appellant to fifteen years’ confinement.  The court reporter did not record the punishment hearing.  There is no indication in the record that Appellant objected to the lack of a court reporter.  
On April 30, 2004 Appellant filed his notice of appeal pro se, declaring himself indigent.  The court appointed appellate counsel May 17, 2004.  Appellant did not file a motion for new trial.

DISCUSSION

Appellant's sole argument on appeal is that the court reporter's failure to record the sentencing hearing is reversible error under Texas Rule of Appellate Procedure 13.1(a).  
See
 
Tex. R. App. P.
 13.1(a).  We disagree. 

Rule 13.1(a) states that the official court reporter must, “unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings.”  
Id.
  
Its predecessor was rule 11(a), which required a court reporter to be present only when one was requested by the trial court or the parties.  
Tex. R. App. P. 11(
a), 707-708 S.W.2d (Tex. Cases) XLI (1986, amended 1997). 
 The new rule makes a court reporter mandatory, while the old rule required an active assertion of that right by the parties.  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The issue of preserving error under rule 13.1 was addressed in 
Valle v. State, 
109 S.W.3d 500 (Tex. Crim. App. 2003). 
 The appellant in 
Valle
 claimed he was denied meaningful appellate review of his death sentence when the court reporter failed to record a bench conference concerning the introduction of evidence at the punishment phase of the trial.  
Id.
 at 507-08.  After commenting on the differences between the old rule11(a) and the new rule 13.1(a), the court held that even under the new rule a party must still object at trial to the reporter’s failure to make a record to preserve error, which Appellant and the appellant in 
Valle
 failed to do.
  Id.
 at 508-09.  

Appellant relies on 
Tanguma v. State
, 47 S.W.3d 663 (Tex. App.—Corpus Christi 2001, pet. ref’d) for the proposition that an appellant need not object in the trial court to raise a complaint under rule 13.1 on appeal.  
Id.
 at 671
.  Appellant’s reliance is misplaced.  The court of criminal appeals expressly overruled 
Tanguma
 in 
Valle
.  
See Valle
, 109 S.W.3d at 508-09.

Nothing in the record suggests Appellant objected to the lack of a court reporter at his sentencing hearing.  We are sensitive to the difficulty of preserving an objection in the absence of a court reporter, but Appellant could have raised the complaint in a motion for new trial.  
See
 
Tex. R. App. P.
 21.2;
 Prudhomme v. State
, 28 S.W.3d 114, 118 (Tex. App.—Texarkana 2000), 
aff’d
, 47 S.W.3d 683 (Tex. App.—Texarkana 2001, pet. ref’d).  He failed to do so.  We therefore hold that Appellant forfeited his complaint about the reporter’s failure to record the sentencing hearing.
  

In light of this finding it is unnecessary to consider whether Appellant’s plea admonishment served to waive this right.  
See
 
Tex. R. App. P.
 47.1.

CONCLUSION
 

Having concluded that Appellant forfeited his complaint about the court reporter’s failure to record the sentencing hearing, we overrule Appellant's sole issue.  Thus, we affirm the trial court's judgment.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  July 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.