COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-221-CR
  
  
JAMES 
EDWARD PARKER                                                      APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
pleaded guilty to indecency with a child by contact in an open plea to the 
court.  He was sentenced to fifteen years’ confinement.  In his sole 
issue on appeal, Appellant argues that the absence of a reporter's record of the 
sentencing hearing is reversible error.  We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
        As 
sufficiency of the evidence is not challenged, we need only briefly discuss the 
facts of this case.  Appellant pleaded guilty to indecency with a child by 
contact on January 9, 2004.  In his plea admonishments Appellant gave up 
“the right to have a Court reporter make a record of the proceedings when my 
case(s) is heard and I enter my plea.”  Directly below this statement are 
the signatures of Appellant and his trial counsel.  On April 4, 2004 the 
court sentenced Appellant to fifteen years’ confinement.  The court 
reporter did not record the punishment hearing.  There is no indication in 
the record that Appellant objected to the lack of a court reporter.  On 
April 30, 2004 Appellant filed his notice of appeal pro se, declaring himself 
indigent.  The court appointed appellate counsel May 17, 2004.  
Appellant did not file a motion for new trial.
DISCUSSION
        Appellant's 
sole argument on appeal is that the court reporter's failure to record the 
sentencing hearing is reversible error under Texas Rule of Appellate Procedure 
13.1(a).  See Tex. R. App. P. 
13.1(a).  We disagree.
        Rule 
13.1(a) states that the official court reporter must, “unless excused by 
agreement of the parties, attend court sessions and make a full record of the 
proceedings.”  Id.  Its predecessor was rule 11(a), which 
required a court reporter to be present only when one was requested by the trial 
court or the parties.  Tex. R. App. 
P. 11(a), 707-708 S.W.2d (Tex. Cases) XLI (1986, amended 1997).  The 
new rule makes a court reporter mandatory, while the old rule required an active 
assertion of that right by the parties.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); Mendez v. 
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
        The 
issue of preserving error under rule 13.1 was addressed in Valle v. State, 
109 S.W.3d 500 (Tex. Crim. App. 2003).  The appellant in Valle 
claimed he was denied meaningful appellate review of his death sentence when the 
court reporter failed to record a bench conference concerning the introduction 
of evidence at the punishment phase of the trial.  Id. at 
507-08.  After commenting on the differences between the old rule11(a) and 
the new rule 13.1(a), the court held that even under the new rule a party must 
still object at trial to the reporter’s failure to make a record to preserve 
error, which Appellant and the appellant in Valle failed to do.  Id. 
at 508-09.
        Appellant 
relies on Tanguma v. State, 47 S.W.3d 663 (Tex. App.—Corpus Christi 
2001, pet. ref’d) for the proposition that an appellant need not object in the 
trial court to raise a complaint under rule 13.1 on appeal.  Id. at 
671.  Appellant’s reliance is misplaced.  The court of criminal 
appeals expressly overruled Tanguma in Valle. See Valle, 
109 S.W.3d at 508-09.
        Nothing 
in the record suggests Appellant objected to the lack of a court reporter at his 
sentencing hearing.  We are sensitive to the difficulty of preserving an 
objection in the absence of a court reporter, but Appellant could have raised 
the complaint in a motion for new trial.  See Tex. R. App. P. 21.2; Prudhomme v. 
State, 28 S.W.3d 114, 118 (Tex. App.—Texarkana 2000), aff’d, 47 
S.W.3d 683 (Tex. App.—Texarkana 2001, pet. ref’d).  He failed to do 
so.  We therefore hold that Appellant forfeited his complaint about the 
reporter’s failure to record the sentencing hearing.
        In 
light of this finding it is unnecessary to consider whether Appellant’s plea 
admonishment served to waive this right.  See Tex. R. App. P. 47.1.
CONCLUSION
        Having 
concluded that Appellant forfeited his complaint about the court reporter’s 
failure to record the sentencing hearing, we overrule Appellant's sole 
issue.  Thus, we affirm the trial court's judgment.  See Tex. R. App. P. 43.2(a).
  
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
  
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.