IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

 

 



PD-1954-03



 

 

THE STATE OF TEXAS

 

v.

 

 RONALD HERNDON, Appellee

 

 



ON DISCRETIONARY REVIEW OF CASE 13-02-00518-CR

OF
THE THIRTEENTH COURT OF APPEALS

NUECES
COUNTY



 

 

Womack, J., filed a dissenting opinion,
in which Keller, P.J., and Meyers, J., joined.

 

 

The Court=s
opinion holds that the requirement for preservation of error that is a
prerequisite for appeal is not a prerequisite for a motion for new trial.
Therefore, although there is no preservation issue for the court of appeals to
consider on remand, it should consider Athe
merits of the trial judge=s
ruling,@ three
aspects of which are mentioned. (Ante, at 15).








But that=s
not what this case is about. Those Amerits@ of the prosecutor=s argument are not why the new trial
was granted. As the Court=s
opinion clearly says (ante, at 4, quoting the trial court=s ruling), it granted the new trial only
Aon the ground that a bench conference
was not recorded during the trial.@

The only question before us is whether that was a correct
reason to grant a new trial.

It wasn=t, as we held in another case after
this trial was over. The trial court had no discretion to be wrong about the
law, although his error was understandable since the courts of appeals were in
conflict at the time and the court tried to follow the (incorrect) line of
decisions of the Ahome@ court of appeals.[1]
After the State gave notice of appeal in this case, we resolved a split among
the courts of appeals by holding that a party must object to such a failure in
order to complain on appeal.[2]

I respectfully dissent.

 

Filed:   February 28, 2007

Publish.











[1] See Tanguma v. State, 47 S.W.3d 663 (Tex. App.
C Corpus Christi 2000, pet. ref=d) (holding that a court reporter=s failure to record a bench conference during trial
was error if the parties had not agreed that such a conference not be recorded,
and that a party was not required to object to the failure). After the State
gave notice of appeal in this case, we resolved a split among the courts of
appeals by holding that a party must object to such a failure in order to
complain on appeal.





[2]  See Valle
v. State, 109 S.W.3d 500, 508B09 (Tex.
Cr. App. 2003).