IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. 1271-02






CODY DEWAYNE MITTEN, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


VICTORIA COUNTY






 Womack, J., delivered the opinion for a unanimous court.



 An issue in the trial of this capital murder case was whether the State could introduce, to rebut the affirmative defense of insanity, a statement the defendant made at a state
hospital during an examination for incompetence. We hold that the admission of the
evidence violated a statute that was then in effect.

 The appellant made four trips to hospitals: two before his arrest and two after. On a
Saturday night, accompanied by his mother and her companion, he went to an emergency
room in Victoria. He complained of general malaise, feeling tired and weak. He was
discharged with instructions to see a physician if his feelings continued.

 Later that night he stabbed and killed his mother and her companion as they were
watching television. He put his mother in the companion's automobile and drove around for
a few hours before going to a hospital in San Antonio. He carried his mother's body into the
emergency room and asked for help. He told police that the companion had stabbed his
mother. He was arrested.

 On Monday he was back in the Victoria emergency room, where he had been taken
after suffering "a seizure" in the Victoria County Jail. He told the doctor that he had held
his breath to cause the seizure.

 His fourth trip was to the Vernon State Hospital, where the chief forensic psychologist examined him on the issue of his incompetency to stand trial.

 The appellant was indicted for capital murder. He pleaded not guilty, and trial was by
a jury.

 The issue of insanity was raised. Witnesses testified about the appellant's mental
state around the time of the homicides, and expert witnesses gave opinions about the
appellant's sanity.

 One of the State's witnesses was the Vernon State Hospital's psychologist. The State
asked the psychologist if his report on the examination of the appellant for incompetency
said, "He is very interested in being found not guilty by reason of insanity and feels that he
will be quickly released to the community after a few months."

 The appellant objected that such evidence was inadmissible. One ground of objection was Section 3(g) of former Article 46.02 of the Code of Criminal Procedure, which
said, "No statement made by the defendant during the examination or hearing on his
competency to stand trial may be admitted in evidence against the defendant on the issue of
guilt in any criminal proceeding." (1)

 The trial court suggested that the testimony might not go to "the issue of guilt," but
rather to the affirmative defense of insanity. The prosecutor agreed:

 We feel it goes clearly to rebut the defense of insanity, by virtue of the fact
that this defendant was faking, this defendant was manipulating various people
throughout, and was seeking to, basically, beat the rap.  I think it is certainly probative of that particular issue and it should be admitted.


The trial court overruled the objection.

 The jury found the appellant guilty, and the court sentenced him to the only penalty
that was authorized, imprisonment for life.

 The appellant raised six complaints on appeal, one of which was that the trial court
erred in overruling his statutory objection to the psychologist's testimony about the report
on incompetency. A divided court of appeals affirmed. An opinion for four members held:

 During the course of the trial, this statement was admitted into testimony.
However, the jury was aware that Mitten asserted a plea of insanity. Defense
counsel commented on the plea of insanity during voir dire. Witnesses for
the defense offered opinions regarding Mitten's degree of sanity at the time
of the murders. In [the psychologist]'s comment, it is clear Mitten is simply
expressing a desire that his insanity defense would be successful and that he
would be released quickly. We find no implication of the issue of guilt or
guilt by reason of insanity [sic] in this statement. (2)


Three members of the court dissented on that point. We granted review.

 The issue is whether the evidence was admitted "on the issue of guilt," which the
former statute forbade. (That statute now applies only to cases in which proceedings under
the incompetency statute had "been initiated" before January 1, 2004. (3) The statute that took
effect on that date says that a statement made by a defendant during an examination on
incompetency "may not be admitted in evidence against the defendant in any criminal
proceeding." (4) The term "on the issue of guilt" is not in the new statute.)

 The State's position is that the question of insanity is not part of "the issue of guilt":

 That is, evidence rebutting Appellant Mitten's affirmative defense of insanity,
which showed that Appellant was feigning mental illness, and was evasive and
manipulative, did not amount to evidence of Appellant's guilt. Such evidence
did not affect the elements of the offense charged. (5)


The court of appeals' opinion seemed to be in accord.

 We disagree. The Penal Code says, "It is an affirmative defense to prosecution that,
at the time of the conduct charged, the actor, as a result of severe mental disease or defect,
did not know that his conduct was wrong." (6) As Article 46.03, Section 1(d) of the Code of
Criminal Procedure says, "A defendant who has been found not guilty by reason of insanity
shall stand acquitted of the offense charged and may not be considered a person charged
with a criminal offense." This is consonant with the "objectives" of the Penal Code, one of
which is "to safeguard conduct that is without guilt from condemnation as criminal." (7)

 The issues of guilt are not limited to the elements of the crime. A person is not
guilty, even though each element of the crime has been proved, if the finder of fact has a
reasonable doubt about a defense that is raised by the evidence (8) or finds by a preponderance
of the evidence that an affirmative defense exists. (9) These are issues of guilt.

 It was error to admit the appellant's statement from the incompetency examination,
in violation of former Article 46.02, Section 3(g).

 We vacate the judgment of the court of appeals and remand the case to that court for
consideration of the harm of the error, and for such other proceedings, consistent with this
opinion, as are necessary.


En banc.

Delivered: September 22, 2004.

Publish.
1. Act of June 15, 1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, sec. 3(g), 1977 Tex. Gen.
Laws 1458, 1460, repealed by Act of May 14, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen.
Laws 57, 72.
2. Mitten v. State, 79 S.W.3d 751, 763 (Tex. App. -- Corpus Christi 2002) (en banc).
3. See Act of May 14, 2003, note 1 supra, § 16.
4. Tex. Code Crim. Proc. art. 46B.007.
5. Brief, at 20.
6. Tex. Penal Code § 8.01(a).
7. Id., § 1.02(5).
8. See id., § 2.03(d) ("If the issue of the existence of a defense is submitted to the jury, the court
shall charge that a reasonable doubt on the issue requires that the defendant be acquitted").
9. See id., § 2.04(d).