COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-291-CR

 

 

TYLER HUDSON HEARNE                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction

Appellant Tyler Hudson Hearne
appeals his conviction and eighty-year sentence for murder.  In his first point, appellant contends that
the trial court erred by failing to instruct the jury during the punishment
phase on Asudden
passion,@ which provides for a lesser punishment range. In appellant=s second point, he complains that the trial court erred by conducting
a conference with a juror outside the presence of appellant and his trial
counsel.  We affirm.








II.  Background Facts

Appellant was charged with
capital murder in the shooting death of his father, William Hearne.  After appellant entered a plea of not guilty,
the jury found him guilty of the lesser offense of murder and assessed his
punishment at eighty years in the Institutional Division of the Texas Department
of Criminal Justice.

III.  Instruction on Sudden Passion

In appellant=s first point, he asserts that the trial court erred by failing to
instruct the jury on sudden passion during the punishment phase.  The State contends that appellant was not
entitled to an instruction on sudden passion because there was no evidence of
sudden passion arising from a legally adequate cause.

A.  Applicable Law

Section 19.02 of the penal
code discusses the offense of murder.  Tex. Penal Code Ann. ' 19.02 (Vernon 2003).  The
pertinent parts of section 19.02 provide, 

(a) In this section:

(1) AAdequate cause@
means cause that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper, sufficient to render the mind incapable
of cool reflection.

 








(2) ASudden passion@
means passion directly caused by and arising out of provocation by the
individual killed or another acting with the person killed which passion arises
at the time of the offense and is not solely the result of former provocation.  

 

. . . . 

 

(d)
At the punishment phase of a trial, the defendant may raise the issue as to
whether he caused the death under the immediate influence of sudden passion
arising from an adequate cause.  If the
defendant proves the issue in the affirmative by a preponderance of the
evidence, the offense is a felony in the second degree. 

 

Id. ' 19.02(a), (d).  

B.  Analysis








If a defendant is convicted
of murder, he may argue at punishment that he caused the death while under the
immediate influence of sudden passion arising from an adequate cause.  Trevino v. State, 100 S.W.3d 232, 237
(Tex. Crim. App. 2003).  Sudden passion is
Aan excited and agitated mind at the time of the killing caused by an
act of the deceased.@  Rayme v. State, 178 S.W.3d 21, 28
(Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d) (quoting
Hobson v. State, 644 S.W.2d 473, 478 n.10 (Tex. Crim. App. 1983)).  Sudden passion is a mitigating circumstance
that, if found by the jury to have been proven by a preponderance of the
evidence, reduces the offense from a first degree felony to a second degree
felony.  McKinney v. State, 179
S.W.3d 565, 569 (Tex. Crim. App. 2005); see Tex. Penal Code Ann. ' 19.02(d).  Thus, before a
defendant is allowed a jury instruction on sudden passion, he must prove that
there was an adequate provocation; that a passion or an emotion such as fear,
terror, anger, rage, or resentment existed; that the homicide occurred while
the passion still existed and before there was reasonable opportunity for the
passion to cool; and that there was a causal connection between the
provocation, the passion, and the homicide. 
McKinney, 179 S.W.3d at 569. 
Thus, a sudden passion charge should have been given if some evidence
shows that appellant=s mental
state rose beyond a bare claim of fear to render him incapable of rational
thought and collected action.  See
Kennedy v. State, 193 S.W.3d 645, 654 (Tex. App.CFort Worth 2006, pet. filed) (op. on reh=g en banc).








Appellant contends that the
testimony of Ramon Salinas, Stephanie Teran, and Janis Davies demonstrated that
he was entitled to an instruction on sudden passion.  He asserts that the evidence shows that he Aacted out of anger, rage, resentment and terror that [were] the
product of his father=s threats to
essentially have him put in jail, or to go to a military school.@  Appellant points to Salinas=s testimony that appellant admitted shooting his father after appellant=s father screamed him for having drugs in the house. Salinas stated
that appellant told him that his father flushed the drugs down the toilet and
told appellant that he could either go to jail or go to a military school.
Additionally, appellant asserts that Teran=s testimonyCthat
appellant admitted shooting his father one hour prior and that appellant was Amad, [because his father] was going to call the cops on him.  That his dad was going to call the cops on
him and he got upset.@Craised the issue.  Teran stated
that appellant told her that his father was in the process of dialing 911 and
appellant shot him before he dialed the last digit.  Appellant contends that Davies= testimony regarding the shooting was the same as Teran=s testimony.

However, these statements
fail to show that appellant had adequate cause to shoot his father.  As stated above, adequate cause means Acause that would commonly produce a degree of anger, rage, resentment,
or terror in a person of ordinary temper.@  Tex. Penal Code Ann. ' 19.02(a)(1).  The mere fact
that a defendant acts in response to the provocation is not sufficient to
warrant a charge on sudden passion.  Trevino,
100 S.W.3d at 241.  Appellant asserts
that he was angry because his father told him that he could go to jail or
military school.  The evidence does not
reflect fear or anger that was so strong and overpowering that it rendered
appellant incapable of rational thought and collected action.  See McKinney, 179 S.W.3d at 568.  Therefore, we hold that the trial court did
not err by refusing to submit an instruction on sudden passion because the
evidence does not show that appellant had adequate cause to shoot his
father.  Thus, we overrule appellant=s first point.








IV.  Juror Conference

In appellant=s second point, he contends that the trial court erred by conducting a
private conference with a juror outside the presence of appellant and his trial
counsel.  On appeal, appellant asserts
that the private conference violated 1) his rights under article 36.27 of the
code of criminal procedure, which prescribes the method by which a trial court
may communicate with a juror, 2) his right to be present for all phases of
trial, and 3) his right to have a court reporter present to transcribe the
proceedings.  See Tex. Code Crim. Proc. Ann. arts. 33.03
(Vernon 1989), 36.27 (Vernon 1981); Tex.
R. App. P. 13.1.

                                       A.  Applicable Facts

On July 20, 2005, the third
day of trial, the trial judge told the lawyers that she wanted to speak to them
at the bench on the record.  The trial
judge disclosed that Juror Maddux wanted to talk with her.  The trial judge told counsel, 

This is what she said to me.  She was tearful and she said that she was
afraid that perhaps she had [not] filled out her questionnaire completely
because she had forgotten to tell us that she had a stepson who was a victim B not
a victim but who had an alcohol-related death by drowning.  

 

. . . . 

 








In fact, scoot up here a little bit.  And [she] is very afraid that she has made
[a] horrible problem with this case.  I
said, it=s
just not.  I said that question is not on
the questionnaire.  She said, well, they
asked about drugs, and then I said, most people don=t
consider alcohol a drug.  She didn=t
even think about it until Dr. Krouse testified yesterday.  And when her stepson had died, their family
had gone to talk to Dr. Peerwani, so it was just all the memories coming back.

 

And she volunteered, without me even asking her, Ait
doesn=t
make me feel one way or another about this case.  It=s just that I feel like I
need to tell you because I didn=t tell you,@ you
know.  So there you have it.  I left her in my office because I=m
thinking about taking her her questionnaire just to calm her because B and
then I=ll
enter it in the record.  I mean, they=re
all in the record anyway.  But I mean,
she feels like she=s
done something wrong.  That=s
what this is about.  And she didn=t B
because we harp so much on saying everything, you know, and report anything
even if it=s
inadvertent, and I really do want them to do that.  

 

And I think part of the result is my saying that
to them, there=s
hardly a trial that goes by that I don=t have to talk to a juror
individually.

 

After learning about the
private conference in the trial judge=s chambers without a court reporter, appellant=s counsel stated, 

Judge,
I haven=t
researched this point.  I=m not
quarreling with the Court=s
rendition of what the conversation was, but I=m not
sure the Court talking to the juror and saying most people don=t
think alcohol is a drug and other conversations and there was no court reporter
back there, that causes me some angst.

 








The trial judge then told appellant=s counsel that he could explore the issue in a motion for new
trial.  Appellant=s counsel moved for a mistrial Ain an abundance of caution, because of the ex parte conversation with
the juror and it=s not
recorded,@ and the
trial court denied the motion.  After
denying the motion for mistrial, the trial judge continued talking about her
conversation with the juror.

THE COURT: 
The stepson was drinking.  She
said that there may have been some problems before that with drug use in his
part, but it wasn=t
related to his death at all, and she didn=t even think about it.  Didn=t think about it through voir
dire.  She said, I don=t
know if I repressed it.  But as soon as
Dr. Krouse testified, I started thinking about our meeting with Dr. Peerwani. 

 

[DEFENSE COUNSEL]:  Judge, I don=t
have any problem with the juror seeing her questionnaire, although, I am making
a request that any further proceedings or conversations with this juror be
taken down if it be in chambers, to preserve the record.

 

THE COURT: 
That=s
going to be denied.  You can question her
on a motion for new trial.  I=m not
going to B
given her emotional state, that she feels like she=s
done something wrong, I mean, she thinks she=s messed the trial up.  She said, I=m
afraid B  you know, so I>m not
going to run the court reporter in there because I think that would traumatize
her.  Now, if you want to tell her, thank
you so much for sharing with us.  We=re
going to continue with the trial, and put her back with the jury room and not
show her that.

 

The trial continued and appellant=s motion for new trial was denied by operation of law.  This appeal followed.

                                      B.  Error Preservation








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








At trial, appellant=s objections were limited to the following:  Athere was no court reporter@; Ain an
abundance of caution, because of the ex parte conversation with the juror and
it=s not recorded@; and AI am making a request that any further proceedings or conversations
with this juror be taken down.@  At no point did counsel assert
that the trial court=s ex parte
conversation was a violation of article 36.27 of the code of criminal
procedure.  See Tex. Code Crim. Proc. Ann. art. 36.27
(providing that communication with jurors should be through the bailiff, in
writing, previewed by defense counsel, read in open court, and made a part of
the record).  However, it is fair to say
that counsel made it clear that he was objecting to the ex parte nature of the
conversation along with the failure to have a court reporter present
transcribing the discussion for the record. 
And although counsel did not directly cite article 33.03Cwhich is the statutory source of a defendant=s right to be present at all phases of trialCor directly reference appellate rule 13.1Cwhich requires a court reporter to attend all court sessions and make
a full record of all proceedings unless waived by agreementCit is clear from the record that counsel and the trial court
understood these to be his two objections at trial.  Tex.
Code Crim. Proc. Ann. art. 33.03; Tex.
R. App. P. 13.1.  Counsel then
moved for a mistrial, which the trial court denied stating that he could bring
any of these issues up in a motion for new trial, at which time he could
examine the juror.[1]

Although his primary
complaint on appeal focuses on his claimed violation of article 36.27, we hold
that appellant waived his 36.27 complaint at trial by failing to object on this
basis.  We do, however, also hold that
appellant has preserved his objections at trial and now on appeal regarding his
right to be present under article 33.03 and his right to have a full record
made under appellate rule 13.1(a).  Tex. Code Crim. Proc. Ann. art. 33.03;
Tex. R. App. P. 13.1.  We turn to the merits of those
complaints.  

C.  Error Analysis








Article 33.03 provides that a
defendant has the right to be present during the trial of all felony
prosecutions.  Tex. Code Crim. Proc. Ann. art. 33.03.  Appellate rule of procedure 13.1(a) requires
the court reporter to take down all proceedings unless otherwise agreed to by
the parties.[2]  It is obvious the trial court complied with
neither of these provisions in handling this particular juror=s concerns, thereby committing trial court error.

D.  Harm Analysis








Having determined that the
trial court erred by conducting a private conference with the juror, without
appellant and both counsel present, and without a court reporter present, we
must now conduct a harm analysis to determine whether the errors call for
reversal of the judgment.  Tex. R. App. P. 44.2.  If the errors are constitutional, we apply
rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the
errors did not contribute to appellant=s conviction or punishment.  Tex. R. App. P. 44.2(a).  Otherwise, we apply rule 44.2(b) and
disregard the errors if they did not affect appellant=s substantial rights.  Tex. R. App. P. 44.2(b); see Mosley,
983 S.W.2d at 259; Coggeshall v. State, 961 S.W.2d 639, 642-43 (Tex.
App.CFort Worth 1998, pet. ref=d).  A substantial right is
affected when the error had a substantial and injurious effect or influence in
determining the jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d at
643.  In making this determination we
review the record as a whole.  See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. 1998).

The article 33.03 right to be
personally present is based upon a defendant=s right to confront witnesses against him under both the Texas and
United States constitutions.  Miller
v. State, 692 S.W.2d 88, 90-91 (Tex. Crim. App. 1985); Hodges v. State,
116 S.W.3d 289, 296 (Tex. App.CCorpus Christi 2003, pet. ref=d); Kerr v. State, 83 S.W.3d 832, 834 (Tex. App.CTexarkana 2002, no pet.). 
Courts have also held that the right to be present can involve due
process rights under certain circumstances. 
See, e.g., Jasper v. State, 61 S.W.3d 413, 423 (Tex. Crim. App.
2001).  However, because appellant raised
no constitutional complaint regarding this error, we treat the error as
statutory and apply a harmless error analysis under rule 44.2(b), in which we
ask whether the error affected any of appellant=s substantial rights.  See
Tracy v. State, 14 S.W.3d 820, 827 (Tex. App.CDallas 2000, pet. ref=d).








Additionally, the appellate
rule 13.1 violation regarding the trial court=s failure to have the conversation transcribed by the court reporter
has been interpreted to create a statutory right, not a constitutional
right.  See Tanguma v. State, 47
S.W.3d 663, 676 (Tex. App.CCorpus Christi 2001, pet. ref=d) (holding failure to record challenges for cause is
nonconstitutional error), disapproved of in part by Valle v. State, 109
S.W.3d 500, 508-09 (Tex. Crim. App. 2003) (disapproving of a portion of Tanguma
but only to extent Tanguma court held that no objection to preserve
error was required); see also Brossette v. State, 99 S.W.3d 277,
285-86 (Tex. App.CTexarkana
2003, pet. dism=d, untimely
filed) (citing Tanguma for proposition that failure of court reporter to
record part of record is nonconsitutional error).  Failure to record a bench conference has been
held to be Aa procedural
defect or irregularity that must be disregarded unless a substantial right was
affected.@  Johnson v. State, 82 S.W.3d 471, 473
(Tex. App.CAustin 2002,
no pet.); Mitten v. State, 79 S.W.3d 751, 763-64 (Tex. App.CCorpus Christi 2002), rev=d on other grounds, 145 S.W.3d
225 (Tex. Crim. App. 2004).  We conclude
that the failure to record a conversation such as this does not implicate
constitutional error, so we also apply rule 44.2(b) and disregard the error
unless we determine that appellant=s substantial rights were implicated as to this complaint as well.  Tex.
R. App. P. 44.2(b).  The Supreme
Court provides us with some further guidance in Rushen v. Spain, 464
U.S. 114, 104 S. Ct. 453 (1983).








In Rushen, a juror in
a similar circumstance recalled facts regarding an unrelated murder that she
had failed to disclose during voir dire. 
The jurors had been asked to disclose crimes of violence and their
attitudes for any racial groups, including the Black Panthers.  Id. at 115-16, 104 S. Ct. at 454.  The juror went to the judge=s chambers twice to let the judge know she knew of this other
unrelated murder victim.  The judge told her
not to be concerned once the juror reaffirmed she would not be affected by
it.  The judge failed to record either
conversation and failed to let the defendants know about them either.  However, once counsel learned of the
conversation and filed their motions for new trial, the court held a hearing on
them in which the juror was examined about the conversations.  The judge concluded the conversations Alacked any significance@ and that the defendants had suffered no prejudice.  Id. 
The defendant pursued a writ of habeas corpus, and the district
court held that his right to be present had been denied along with his right to
counsel.  Id. at 117, 104 S. Ct.
at 455.  The Ninth Circuit affirmed.  Id. 








The Supreme Court reversed
despite recognizing the right to personal presence at all critical stages of
trial along with the right to counsel.  Id.
at 122, 104 S. Ct. at 457.  The
Court balanced those interests with the Anecessity for preserving society=s interest in the administration of criminal justice.@  Id. at 118, 104
S. Ct. at 455.  Continuing, the
Court observed that Aremedies
should be tailored to the injury suffered . . . and should not unnecessarily
infringe on competing interests.@  Id. (quoting United
States v. Morrison, 449 U.S. 361, 364, 101 S. Ct. 665, 668 (1981)).  It held, AThe lower federal courts= conclusion that an unrecorded ex parte communication between
trial judge and juror can never be harmless error ignores these day-to-day
realities of courtroom life and undermines society=s interest in the administration of justice.@  Id. at 118-19, 104 S.
Ct. at 456.  Such trial court error, it
observed, could also be remedied by a post-trial hearing.













Here, the trial court
notified counsel of the conversation immediately.  Appellant then told the trial judge that he
did not have a problem with the trial court=s rendition of what occurred, plus that rendition was transcribed
while the trial court disclosed the conversation to both counsel at the
bench.  Moreover, appellant did not
pursue or present his motion for new trial or request a hearing on it to
further examine this particular juror. 
While a motion for new trial is not generally a required prerequisite to
appeal, a motion, presentment and hearing are necessary to Aadduce facts not in the record.@  Tex. R. App. P. 21.2; Rozell v. State, 176 S.W.3d 228,
230 (Tex. Crim. App. 2005).  Further,
based upon the trial judge=s rendition of the conference, the conversation did nothing more than
allow the juror to report her concern of failure to properly disclose something
during voir dire.  During the conference,
the juror told the trial judge that she was concerned that she failed to
disclose some information in her juror questionnaire:  that her stepson died in an alcohol-related
drowning.  She believed that she had
caused a major problem in failing to disclose this on her questionnaire in
response to a question asking about drugs. 
The juror had recalled her family speaking with the medical examiner,
Dr. Peerwani, regarding the death of her stepson, which the juror recalled
after she heard Dr. Krouse, from Dr. Peerwani=s office, testifying in this case. 
The trial judge apparently tried to alleviate the juror=s concerns by telling the juror that Amost people don=t consider
alcohol a drug.@  While the case revealed drug use and abuse of
alcohol by both the victim and appellant, we cannot say this error impacted a
substantial right in the case.  The trial
judge explained that she was trying to minimize this juror=s unfounded concern on an unrelated collateral matter.  Since the appellant accepted the accuracy of
the trial court=s rendition
of the facts, his or his counsel=s presence during the conversation would not have benefitted
appellant.  If appellant is contending he
would have asked the juror other questions, he could have done so at a hearing
on his motion for new trial.  Likewise,
since appellant accepted the trial court=s rendition of what transpired, having the court reporter=s transcription of the conversation would serve no purpose.  While it is most assuredly best for a trial
court to insure a defendant=s presence, along with counsel, and to record all proceedings, we
cannot say that here, under these facts, a substantial right of the appellant=s has been impacted.  See
Leger v. State, 688 S.W.2d 130, 133 (Tex. App.CBeaumont 1985, no pet.).  The
court of criminal appeals has held that a communication between the trial court
and the jury, although not made in compliance with statutory provisions, but
which does not amount to an additional instruction by the trial court upon the
law or some phase of the case does not constitute reversible error.  McGowan v. State, 664 S.W.2d 355, 358
(Tex. Crim. App. 1984).  Here, the trial
court did not instruct the juror on the law or discuss the impending case.  The trial judge merely listened to the juror=s concern that she had improperly failed to disclose something in her
responses to the jury questionnaire. 
Thus, we overrule appellant=s second point.

V.  Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
September 7, 2006

 











[1]Appellant
filed a generic motion for new trial, which was denied by operation of law
without a hearing. 





[2]Appellant
raised no constitutional error, federal or state, regarding any of the
complaints he asserts on appeal, so we do not address any constitutional
issues.