**CHASE OIL AND GAS LTD.—HILL PIPELINE, et al., Relators,**

v.

**Ms. Sherry DEAREN, Former Official Court Reporter, 13th Judicial District Court, Navarro County, Texas, Respondent.**

No. 10–90–164–CV.

Court of Appeals of Texas, Waco.

Oct. 25, 1990.

Josh Henslee, Tyler, for relators.

Fred Neale, Mexia, for real party in interest.

No appearance for respondent.

Before THOMAS and McDONALD (Ret.), C.JJ., and JAMES, J. (Ret.).

OPINION

THOMAS, Chief Justice.

This original proceeding was initially filed by Chase Oil and Gas Ltd.–Hill Pipeline, seeking a writ of mandamus against Respondent Sherry Dearen, the official court reporter for the 13th District Court of Navarro County at the time the underlying appeal arose. The underlying appeal is pending in this court as No. 10–90–009–CV, styled *Chase Oil and Gas Ltd.–Hill Pipeline and Eli Rebich v. Mexia Gas Co.* Eli Rebich, also an appellant, was granted permission to join in Chase Oil's petition for a writ of mandamus because of their common interest in compelling Dearen to prepare and deliver a statement of facts pertaining to the appeal.

The statement of facts was originally due to be filed in this court on January 17, 1990. Chase Oil and Rebich had timely requested Dearen on December 18, 1989, to prepare the statement of facts. Dearen filed an affidavit on January 18, 1990, in conjunction with appellants' first motion for an extension of time to file the record, stating that she would be unable to complete the statement of facts until March 5. Her purported excuse for delay was a recently discovered malfunction in the equipment for making computerized transcriptions from her notes, which had apparently delayed transcription of some pre-trial matters. She also cited her continuing workload as an official court reporter.

Dearen filed a second affidavit on April 17, attached to appellants' third motion for an extension of time, in which she indicated that the statement of facts could not be available until May 15. She stated in the affidavit that she was no longer the official court reporter for the 13th District Court, but was now employed full time by Texas State Technical Institute as a lecture transcriber for the school's deaf students. Dearen indicated that, when she left her position as official court reporter, she had a substantial backlog of civil and criminal cases for which statements of fact had been requested and on which she was continuing to work diligently in the evenings and on weekends. Her affidavit reflects that she had employed another court reporter to assist her in "cleaning up" this backlog. Nevertheless, Dearen claimed that she had completed 200 pages of the statement of facts as of April 17.

Chase Oil and Rebich filed six motions for extensions of time, making the record due September 13. The sixth motion was granted with the notation that no further extensions would be entertained. Chase Oil then sought permission on August 24 to file a petition for a writ of mandamus to compel Dearen to produce a complete statement of facts. Permission was granted and a hearing on the petition was set for September 13. However, upon being informed that Dearen had forwarded the statement of facts to this court on September 12, Chase Oil agreed to dismiss the petition. After reviewing the statement of facts prepared by Dearen, Chase Oil contends that it was incomplete, contained nu-

merous errors, and omitted exhibits offered or introduced in evidence at the trial.

On October 1, Chase Oil again sought permission to file a petition for a writ of mandamus against Dearen, and also filed a motion to supplement the statement of facts. Chase Oil and Rebich were granted extensions of time to November 12 in which to file briefs in the underlying appeal. All motions for extensions of time and accompanying exhibits are either attached to the second petition for mandamus or incorporated therein by reference. Also attached to the petition is a copy of a letter from Chase Oil's counsel to Dearen, dated September 25, specifically setting forth the portions of omitted transcription of various pre- and post-trial hearings and a full description of each exhibit omitted from the statement of facts. The letter again requested that Dearen prepare and furnish a complete statement of facts to avoid further proceedings in the court of appeals. An affidavit of the Navarro County District Clerk was filed in this court on October 17, in which she states that she made a diligent search of the court's records in the underlying cause, but was unable to locate any of the trial exhibits offered or entered into evidence either at the trial or by a bill of exception.

A hearing on the petition was held in this court on October 18. Neither Dearen nor her counsel appeared at the hearing.

A writ of mandamus will issue to compel a public official to perform a non-discretionary duty when the relator has a clear right to the performance of that duty. *Vondy v. Commissioners Court of Uvalde Cty.*, 620 S.W.2d 104, 109 (Tex.1981). An official court reporter, under the supervision of the presiding judge, is obligated to make a complete record of the evidence when requested by the court or by any party to the case. TEX.R.APP.P. 11(a)(1). The court reporter is further required to file all exhibits with the clerk and to prepare official transcripts of all such evidence or other proceedings. *Id.* at 11(a)(3), (4). The official court reporter has the clear duty to furnish the trial record, as certified by the court reporter, upon proper request.

*Id.* at 53(a), (f). A court reporter's duty to prepare a statement of facts is as important as any other of the reporter's professional duties and may, under some circumstances, take precedence over all other duties. *Wolters v. Wright*, 623 S.W.2d 301, 305 (Tex.1981). Thus, a writ of mandamus may issue to compel the court reporter to furnish a statement of facts. *Id.* Just because Dearen is no longer the official court reporter for the district court does not relieve her of the duty to prepare statements of fact in those cases in which she participated as an official reporter. *See Loflin v. Weiss*, 605 S.W.2d 377, 380 (Tex. Civ.App.—Amarillo 1980, no writ).

Dearen's lack of diligence has prejudiced the parties as well as the legal system itself. A complete, accurate statement of facts is essential to the exercise of appellate jurisdiction in this case. *See Wolters*, 623 S.W.2d at 304. Therefore, to protect the jurisdiction of this court, the petition for writ of mandamus is granted. Dearen is directed to prepare and file in this court a complete, accurate statement of facts in No. 10–90–009–CV, styled *Chase Oil and Gas Ltd.–Hill Pipeline and Eli Rebich v. Mexia Gas Co.*, by 5 P.M. on November 5, 1990, or the writ will issue.