**The STATE of Texas, Relator**

v.

**Donna CREEL, Court Reporter, County Court at Law, Ellis County, Texas, Respondent.**

**No. 10–95–055–CV.**

Court of Appeals of Texas, Waco.

April 6, 1995.

Dan Morales, Atty. Gen. of Texas, Jorge Vega, First Asst. Atty. Gen., Sherry L. Peel and Phillip F. Arrien, II, Asst. Attys. Gen., Transp. Div., Austin, for relator.

Kenneth A. Wright, Dallas, for real party in interest.

Donna Creel, Palmer, respondent pro se.

Before THOMAS, C.J., and CUMMINGS, and VANCE, JJ.

### OPINION

PER CURIAM.

On March 20, 1995, we granted the State's motion for leave to file a petition for a writ of mandamus against respondent Donna Creel. The State sought the writ because Ms. Creel had failed to timely prepare and file a statement of facts in *State of Texas v. Lampton, Inc., et al.,* Cause No. 10–94–240–CV, pending before this court. We will grant the writ.

On April 13, 1994, a final judgment was entered in favor of Lampton, Inc., by the County Court at Law of Ellis County in *State of Texas v. Lampton, Inc., et al.,* Cause No. 92–C–3073. A timely motion for new trial was filed by the State on May 12, 1994, *see* TEX.R.CIV.P. 329b(a), rendering the statement of facts due on August 11, 1994. *See* TEX.R.APP.P. 54(a). At the request of Creel, the State filed on August 19, 1994, a Motion to Extend Time for Filing Record. The motion was granted and the deadline for filing the statement of facts was extended to November 9, 1994. Creel failed to file the statement of facts by November 9; instead, she requested the State to file a motion for a second extension, which it did and same was granted by this court. January 11, 1995, was

scheduled as the next deadline. A third motion for extension of time to file was granted and a deadline of February 1, 1995, was then scheduled. A fourth motion followed, which again extended the filing deadline, this time to February 27. On March 7, the State was forced to file a Fifth Motion to Extend Time, which requested an extension until March 15, 1995. When Creel informed the State that she would be unable to meet the proposed March 15 deadline, the State decided to seek a writ of mandamus to compel her to file the statement of facts immediately.

We granted the State's motion for leave to file its petition and oral argument on the petition was set for Wednesday, April 5, 1995, at 2:00 p.m. When the time for argument arrived, this court requested the parties to announce their readiness to proceed. The State responded that it was ready to proceed. Creel, however, both failed to appear and failed to file the statement of facts prior to the hearing.

■■■ The court reporter is under a duty to furnish a trial record upon proper request. *See* TEX.R.APP.P. 11. The duty to promptly complete the statement of facts is as important as any other professional task the court reporter faces and, in the proper case, may take precedence over all other duties, including the daily reporting of court proceedings. *See Wolters v. Wright,* 623 S.W.2d 301, 304–05 (Tex.1981). But the court reporter's duties are not met simply by filing the statement of facts with the appropriate appellate court; the statement of facts filed must be complete and accurate. TEX.R.APP.P. 11; *see Chase Oil & Gas Ltd.—Hill Pipeline v. Dearen,* 801 S.W.2d 3, 5 (Tex.App.—Waco

1990, orig. proceeding); *Southwestern Bell Tel. Co. v. Thomas,* 535 S.W.2d 686, 693–94 (Tex.Civ.App.—Corpus Christi, 1975) ("A court reporter has a ... duty to the judicial system in seeing that the record is accurate, that the evidence is properly preserved and that the record is timely prepared for appeal in accordance with the instructions of the parties' attorneys."), *rev'd in part on other grounds,* 554 S.W.2d 672 (Tex.1977). Thus, a writ of mandamus may issue in an appropriate case to compel the complete and accurate preparation of the statement of facts as well as its timely filing. *Chase Oil & Gas,* 801 S.W.2d at 5.

■■■ We grant the petition to issue a writ of mandamus to compel Creel to file a complete and accurate statement of facts with this court in Cause No. 10–94–240–CV not later than 5:00 p.m. on April 12, 1995.

It has been brought to our attention that Creel filed a statement of facts in Cause No. 10–94–240–CV in the afternoon on April 5, 1995, after we had conducted our hearing on the State's petition for writ of mandamus. While Creel has now fulfilled her obligation to file the statement of facts, the question of its completeness and accuracy has not yet been determined. If the statement of facts she filed on April 5 proves to be complete and accurate, we will withdraw the writ.