RECEIVED
Court of Appeals

NOV 20 2015

Lisa Matz
Clerk, 5th District

NO. 05-11-010161-CR
& 05-11-010162-CR

FILED IN
Court of Appeals

NOV 20 2015

Lisa Matz
Clerk, 5th District

IN THE

FIFTH COURT OF APPEALS

SITTING AT DALLAS

ARAMANDO SOTO,

Appellant,

VS.

THE STATE OF TEXAS,

Appellee.

BRIEF FOR APPELLANT

Appealed from Cause numbers: F10-19502-H & F10-190503-H
in the Criminal District Court Number 1, of Dallas County, Texas.
The Honorable Robert Burns, presiding.

ARAMANDO SOTO,
APPELLANT-PRO SE
#1740241-COFFIELD UNIT
2661 F.M. 2054
TENNESSEE COLONY,TX 75884

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant Aramando Soto, submits the following list of names and addresses of all parties to the Trial Court's judgment and and the names and address of all trial and appellate counsel:

APPELLANT:

Aramando Soto
TDCJ #:1740241
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony,TX 75884

COUNSEL FOR APPELLANT IN
THE TRIAL COURT:

Frank Jackson
2612 Boll Street
Dallas, Texas 75204

ATTORNEY FOR APPELLANT IN
THE COURT OF APPEALS

Velenca Bush
1000 North Central Expwy. # 400
Dallas, Texas 75231

APPELLEE:

THE STATE OF TEXAS

COUNSEL FOR THE STATE OF TEXAS

SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
OF DALLAS COUNTY, TEXAS
APPELLATE DIVISON
133 NORTH RIVERFRONT BLVD-LB-2
DALLAS, TEXAS 75207

# TABLE OF CONTENTS

Identity of Parties...........................................ii

Index of Authorities..........................................1

References to the Record......................................3

Statement of the Case.........................................4

Statement of Facts............................................5

Issues Presented..............................................9

Issue One.....................................................10

The record on appeal is incomplete, therein denying the Appellant the right to a meaningful appeal.

Issue Two.....................................................13

The appellant was entitled to confront the witnesses against him, this included the right to physical presence of the witness before the jury and the appellant without appellant's having to call the witness.

Issue Three...................................................17

The trial court erred in receiving the 'in court identifiction' evidence over appellant's objection.

Issue Four....................................................21

The trial court erred in failing to sustain appellant's timely objection to inflammatory and prejudicial photographs.

Issue Five....................................................25

Trial counsel was ineffectvie for failing to move to suppress evidence describing tests to which appellant, while under arrest, had been subjected.

Conclusion....................................................28

Prayer for Relief.............................................29

Certificate of Service........................................29

Certificate of Mailing........................................30

# INDEX OF AUTHORITIES

PAGE(S)

Aldrich v. State,
296 S.W.3d 225 (Tex.App.-Fort Worth 2009)......................15

Brooks v. State,
132 S.W.3d 702 (Tex.App.-Dallas 2004).........................13

Bullcoming v. New Mexico,
131 S.Ct. 2547 (2011).........................................14

Cain v. State,
947 S.W.2d 262 (Tex.Crim.App. 1997)...........................12

Casey v. State,
215 S.W.3d 870 (Tex.Crim.App. 2007)...........................22

Connor v. State,
67 S.W.3d 192 (Tex.Crim.App. 2001)............................22

Crawford v. Washington,
541 U.S. 2678 (2004)..........................................14

Erazo v. State,
144 S.W.3d 487 (Tex.Crim.App. 2004)...........................23

Escamilla v. State,
556 S.W.2d 796 (Tex.Crim.App. 1977)...........................27

Giglibobianco v. State,
210 S.W.3d 637 (Tex.Crim.App. 2006)...........................22

Hernandez v. State,
726 S.W.2d 53 (Tex.Crim.App. 1986)............................26

Kimmelman v. Morrison,
477 U.S. 365 (1986)...........................................26

Loserth v. State,
985 S.W.2d 536 (Tex.App.-San Antonio)......................18,20

Melendez-Diaz v. Massachusetts,
557 U.S. 305 (2009)...................................11,12,13,14

PAGE(S)

Old Chief v. United States,
519 U.S. 172 (1997)..............................................22

Prible v. State,
175 S.W.3d 724 (Tex.Crim.App. 2005)........................23

Russeau v. State,
171 S.W.3d 871 (Tex.Crim.App. 2005)........................15

State v. Creel,
895 S.W.2d 899 (Tex.Crim.App. 199 )........................10

Strickland v. Washington,
466 U.S. 668 (1984)..............................................26

Tanguma v. State,
47 S.W.3d 633 (Tex.App.-Texarkana 2000)..................11

TEX. R. APP. PROC. 38.1(a)

TEX. R. EVID. Rule 403

TEX. TRANSPORTATION CODE § 724.011

## REFERENCES TO THE RECORD

There are five (5) Volumes of the Reporters Record, and one Clerk's Record for each case in this appeal. References to the the Reporter's Record are designated as "RR#:#)," and continue through each day of trial. References to the clerk's record is designated as "(CR:# Cause #).

## STATEMENT OF THE CASE

On July 18, 2011, Appellant Aramando Soto, pled not guilty to the offenses of Intoxication Manslaughter in Cause Nos. F10-19052 and F10-19053, involving the deaths of Tuong-Lee and her 8-month son Tri Khuu. (RR2:6) On July 19, 2011 trial began. Following a jury trial, Appellant was convicted of intoxication Manslaughter in both causes and sentenced to 20 years imprisonment in the Texas Department of Criminal Justice in each case. The trial court ordered the sentences to be served consecutively. (RR4;181-45) Appellant timely filed Notice of appeal on August 22, 2011. (CR1:71:F10-109502); (CR1:72:F10-190503).

Appellant counsel Valencia Bush filed an Anders Brief on or about February 29, 1012; however, Appellant was never properly notified of his right to file a pro se Appeal brief.

Appellant filed a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, where he established that his appellant counsel rendered ineffective assistance of counsel. The Texas Court of Criminal Appeals granted relief in Writ Numbers: WR82,563-01 and WR82,563-02, giving Appellant an opportunity to file an out-of-time-pro-se responsive brief alerting the court of appeals of any matters that might be arguable in a brief on the merits appealing his judgment of conviction. This brief in due on November 13, 2015.

## STATEMENT OF FACTS

On September 6, 2010, a 2006 Chevrolet Silverado Pickup, in which Appellant, Aramando Soto was an occupant collided with a Nissan Sentra. This collision occured at appx 4:45 a.m. on I-30 in Dallas, Dallas County, Texas (RR3:27).

The indictments, in these actions alleged that Appellant was the operator the the Chevrolet Pickup (truck), that he was intoxicated, and by reason of that intoxication caused the deaths of Tuong Vyt Le, and Tri Khuu, by accident and mistake. (RR3:10).

State's witness, Issac Lozano, testified as a witness to the accident that Prior to the collision the truck was "going from lane to lane," (RR3:27) while traveling above the speed limit. (RR3:26). Lozano, never approached the truck,(RR3:30) but heard two voices comming from the truck, one was in pain, the other laughing. (RR3:30). The fact that there were two occupants to the truck was corroborated by State's witness, Claudia Rodriquez-Hernandaz, (RR3:63). Ms. Hernandaz was unsure as to the identity of the driver of the truck; however, over Appellant's objection, the jury received in court identification of appellant as the driver of the truck. (RR 3:64-65).

First responder and State's witness, Deputy Nelms, arrived to find appellant laying on the ground and complaining of pain to his head. (RR 3:82). Deputy Helms identified the truck as belonging to the Appellant from the witness at the scene of

of the accident. (RR3:90) He further identified blood on the air bag of the truck. (RR3:90-91) Detective Embry testified to removing, pursuant to a search warrant, the trucks Air-bag Control Module, (ACM) (RR3:94). He delivered the ACM to a retired Dallas Police Investigator to analyze the data. This because the Dallas Sherrif's Department did not have a system capable of this function. (RR3:95) Appellant objected to the evidence allegedly contained in the ACM. Detective Embry established through this objected to evidence that the ACM suppressed the passenger side air bag; allegedly, as it was unoccupied. (RR3: 111) Detective Embry also entered into evidence data of the of the trucks speed five seconds before impact-94 M.P.H.- the engine R.P.M.-3456- and the precentage of throttle-100%- and the fact that up to one second before the impact the brakes were not applied. (RR3:113-115) Again, over objection Detective Embry introduced a video depiction of the accident as he alleged it occured. This video was complied from accident reports, not prepared by Detective Embry and the objected to A.C.M. data.

Deputy Whaley, from the Physical Evidence Section of the of the Dallas County Sheriff's office, testified that pursuant to a search warrant, he recovered the air-bag from the truck in order to have it tested for forensic purposes. (RR3:220-225). Courtney Ferreira, a forensic biologist at the Southwestern Institute of Forensic Sciences (SWIFS) analysed the blood on air-bag and was able to determine from a "blood standard"from

the Appellant. (RR4:14-22)

Finally, the stated presented medical evidence from Janis Townsend-Parchman, one of the Dallas County Medical Examiners. Over objection, the Medical Examiners introduced photos of the two decedents of the accident. After which the state and the Defense rested. The charge was submitted to the jury and who returned a verdict of Guilty.

## ISSUES PRESENTED

**ISSUE ONE:** The record on appeal is incomplete, therein denying the appellant the right to a meaningful appeal.

**ISSUE TWO:** The appellant was entitled to confront the witnesses against him, this included the right to physical presence of of the witness before the jury and the appellant without appellant having to call the witness.

**ISSUE THREE:** The trial court erred in receiving the "in court identification" evidence over appellant's objection.

**ISSUE FOUR:** The trial court erred in failing to sustain appellant's timely objection to inflammatory and prejudicial photographs.

**ISSUE FIVE:** Trial counsel was ineffective for failing to move suppress evidence describing tests to which appellant, while under arrest, had been subjected.

The record on appeal is incomplete, therein denying the Appellant the right to a meaningful appeal.

FACTS

Appellant Counsel, Valencia Bush, requested preparation of the Reporter's Record and designated the matters to be included (CR:61) Specifically, she requested that "all matters heard outside the presence of the jury, including pre-trial, trial... and bench conferences, objections, rulings, and remarks of the Court..." (CR:62) (emphasis added). There were multible Bench conferences which are not included in the record: (RR3:53, RR3: 99, RR3: 121, RR3, 148, RR3: 186, RR3, 207).

The failure to not record the bench conferences resulted in objections, rulings and limiting instructions of the court and counsel not being preserved for appellate review..

ARGUMENT & AUTHORITIES

Texas Rules of Appellate Procedure, rule 13.1, provides: "The official court reporter... must: (a) unless excused by agreement of the parties... make a full record of the proceedings ..." These duties were explained in State v. Creel, 895 S.W. 2d 899 (Tex.App.1992 .)(the duties imposed on the court reporter by the rule of appellate procedure governing the creation of transcripts are not met by simply filing the reporter's record

with the appropriate court; the record must be complete and and accurate." Importantly appellate courts have held that "the burder to record all bench conferences in on the court reporter and not the defendant. And that a defendants failure to object to the recordation, does not prevent appellate review of the error. See, Tanguma v. State, 47 S.W. 3d 633 (Tex.App.-Texarkana 2000).

In order to determine if the error was or was not harmless beyond a reasonable doubt, the consequesce of the unrecorded bench conferences has to be determined from the context in the record surrounding the bench conferences that were not recorded.

In one instance, trial counsel objected to the admissibility of reports generated by the Air Bag Control Module, as the proper predicate had not been laid. The court held a bench-confer-ence, the contents were not included in the record. Appellant is unable to appeal any unrecorded objections, and rulings or remarks of the judge. The objected to evidence was then admitted and presented to the jury. (RR3:98)

Next, Appellant objected to the introduction of an accident reconstruction under the Confrontation Clause of the United States Constitution and the United States Supreme Court's ruling in Melinda-Diaz vs. Massachusetts, 557 U.S. 305 (2009). Once again there was a bench conference,(RR3:121) the contents of which were not perserved for appellate review. Appellant has been deprived the ability to challange any of the objections,

rulings or remarks of the court. The objected to evidence was was then admitted into evidence.

When the Defense once again objected to evidence he believed was in violation of Melinda-Diaz, 557 U.S. 305 (2009) the court hend another unrecorded bench conference. Appellant is therefore unable to seek appellate review of any of the objections made by trial counsel, or the rulings or remarks of the court. The objected to evidence was entered into evidence.

Finally, Appellant objected to a lab report which contained evidence of alcohol and drug use prior the the accident. Once again the court had a bench conference off the record, Appellant is therefore unable to seek review of any of trial counsel's objections, the ruling and remarks of the court. The evidence was then submitted to the jury.

As a result of the imcomplete record on appeal appellant will be denied his right to a meaningful appeal. The Texas Court of Criminal Appeals has remarked: "where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harm analysis, the the error will not be proven harmless beyond a reasonable doubt..." Cain v. State, 947 S.W. 2d 262 (Tex.Crim.App.1997 ).

The appellant was entitled to confront the witnesses against him. This included the right to physical presence of the witness before the jury and the appellant without appellant's having to call the witness.

## FACTS

Appellant objected to the introduction of a video accident reconstruction. (RR3:121) Deputy Embry, testified that someone else did the acutal reconstruction. (RR:3120) The trial Court, at first, sustained the objection, and after and unrecorded bench conference, and subsequent arguments of counsel for the state and defense, overruled appellant's objection based on Melendez-Diaz v. Massachuetts, 129 S.Ct. 2527 92009.

## ARGUMENTS AND AUTHORITIES

"The Sixth Amendment to the United States Constitution provides that 'In all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him'". Brooks v. State, 132 S.W. 3d 702,709 (Tex.App.-Dallas 2004). The principle concern of the Confrontation Clause is "to insure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." Brooks Id.

In <u>Melendez-Diaz v. Massachuetts</u>, the U.S. Supreme Court held that a certificate presenting forensic lab results was testimonial evidence and that defendants thus have the Sixth Amendment right to cross-examine the analyst. Two years after the Supreme Court ruled in Melendez-Diaz, it decided <u>Bullcoming v. New Mexico</u>, 131 S.Ct. 2547 (2011). That Court held that surrogate testimony violated the Confrontation clause when the report is admitted into evidence and the surrogate neither observed, or offered an expert opinion on, the forensic evidence.

In <u>Bullcoming</u>, a crime of driving while intoxicated, an analyst's report on blood alcohol was intorduced into evidence. The analyst who had performed the test was on leave, the state called another analyst as a witness. This surrogate witness was familiar with the procedures of the lab but did not observe or play any role in the test of the blood. Instead of offering an independent opinion of the defendant's blood alcohol content, he simply read from the report. <u>Bullcoming</u>, 131 S.Ct. @ 2712.

The Court's holding treated the case as a straight forward application of Crawford and Melendez-Diaz°: The analyst's report could not be introduced into evidence without the analyst's testimony unless the analyst was unavailable and the defendant had an opportunity to cross-examine him.

In this case, the state offered into evidence a short video

---

° Crawford v. Washington, 541 U.S. 2678 (2008)
  Melendez-Diaz v. Massachuetts, 129 S.Ct 2527 (2009)

of the accident reconstruction. (RR3120) The surrogate testimony was offered by Deputy Embry; he makes clear he played no part in the preparation of the accident reconstruction. (RR3: 120-21) This reconstruction, prepared by another person, was assembled from photographs, officer reports, and information contained in the air-bag-control-module  And while the state argued that the video was only introduced for demonstration purposes, the appellant correctly pointed out to the court: Deputy Embry was "just reading from a report that was generated by someone else."(RR3:125).

Long before Crawford, Melendez-Diaz, and Bullcoming, Texas courts have recognized that these type of reports offended the the United States constitutional provision as it relates to Confrontation Clause. For example, in Russeau v. State, 171 S.W. 3d 871 (Tex.Crim.App. 2005) our own high court found that the admission of disciplinary eports, which described the observations of the officers who made them was error. The admission of those reports violated the hearsay rule and the Confrontation Clause since none of the persons who prepared the reports testified at trial. The Court found this error was not harmless due to any affect on future dangerousness. Also, Adlrich v. State, 296 S.W. 3d 225 (Tex.App.-Fort Worth 2009, pet. ref'd) (Intoxication manslaughter)(trial court erred in permitting reading of statements since the defendant did not hav an opportunity to cross-examine the declarants. Harm was shown because

the confrontation clause violation affected the defendant's substantial rights.)

In conclusion, the appellant made the proper objection to the introduction of this video, the state did not allow appellant the opportunity to cross-examine the person who preppare the video, Appellant was denied his rights under the United States Constitution's Sixth Amendment right to confrontation.

## ISSUE THREE

The trial court erred in receiving the "in court identification" evidence over appellant's objection.

FACTS

During trial Claudia Hernandez testified that she was involved in the collision. (RR3:61 She explained that after the accident occured she stayed in her car. (RR3:62) And that she saw two people in the white truck that caused the collision. (RR3:63) Ms. Hernandez was able to identify the driver because "he's the one who was arrested by the police and he just passed by me." (RR3:63) When questioned about the events following the collison, she testified: "I saw two men in the white truck. ...both of them were wearing white T-shirts. One of them was, like, yelling something, like, don't call the police." (RR3:63) When questioned as to the identification of the appellant she stated: " I'm not sure, but I think he looks like that man in black."

Defense counsel objected and the objection was sustained by the court. (RR3:64) After further questioons, Ms. Hernandez once again identified appellant in the courtroom. Trial counsel objected to the identification first as hearsay, and the court sustained the objection, However, when trial court objected that: "she said she was not sure,"(RR3:65) the court overruled

that objection. (RR3:65)

## ARGUMENTS AND AUTHORITIES

It is fundamental that the pretrial identification not be so unnecessarily suggestive and conductive to irreparable mistaken identification as to amount to a denial of due process. factors to be considered when determining the origin of the courtroom identification are:

1.  The witnesses opportunity to observe the alleged criminal act;

2.  Existence of any discrepancy between any pretrial identification and the defendant's actual description;

3.  Failure to identify the defendant on prior occasions;

4.  The lapse of time between the alleged act and the identification.

    See Loserth v. State, 985 S.W. 2d 536 (Tex.App.-San-Antonio 1998, pet ref'd)

**Prior identification:**

States witness Ms. Hernandez tesified that she was able identify the driver because " he's the one who was arrested by the police and he just passed by me."(RR3:63) Unquestionably, this identification as the appellant as the driver is flawed. Ms. Hernandez, was only able to testify that appellant was the the one that was arrested. Her statement that she knew appellant was the driver as he was the one was arrested, demonstrates the court's error in receiving the in court identification over appellants objection.

**Failure to identify the appellant on a prior occasion:**

During the trial, the state asked Ms. Hernandez:

Q:    ... do you see him here in the courtroom today?

A.    I'm not sure, but I think he looks like that man in black.

Q.    ... Which one in black?

A.    The guy in black with a tie on and also some white, but I'm not sure.

State:    Let the record reflect aht this witness is refering to the Defendant Aramando Soto.

Trial counsel: ... I object

Court: Okay. Sustained... Ask you next question.

Q.    The person you're referring to, in the black, with the the white and the tie on, where is he sitting? Can you point?

A.    Here straight from me.

Q.    Okay. And if we were to count the chairs here and I was sitting in chair 1,2 and so on, which chair would he be sitting in?

A.    Four

Q.    Okay. And claudia, is that the man that you later came to know as Aramando Soto?

Trial counsel:    Objection Your Honor. She said she's not even sure if he's the one who was at the site.

Court:    That objection is overruled.

Trial counsel:    I object to the hearsay, Your Honor. It's not whether or not she found it out, it's how she found it out. If she found it out through hearsay.

Court:    That objection is sustained.

Trial Counsel:    Your Honor, I'll object to that. She has not identified the Defendant. she's said she's not sure.

Court: Well, that' overruled; you over objection is overruled.

---

This testimony demonstrates that Ms. Hernandez never identified appellant as the person she saw at the site. She twice told the court, she was not sure, but when pressed by the state to identify the appellant she was only able to point out the person she said "looks like the man... but I'm not sure." (RR3:64) The court's acceptance of this identification gives rise to a very substantial likelihood of irreparable misidentification. The witness was very indifinite and there was a substantial lapse of time between the crime and the in court identification. See Loserth, 985 S.W. 2d 536 (Tex.App.-San Antonio 1998)

In conclusion, the Trial court erred in receiving the in court identification evidence over the appellants objection, and appellant was irreparable harmed as Ms. Hernandez was the only person, who testified that she could identify the appellant as the driver of the truck that caused the accident.

## ISSUE FOUR

The trial court erred in failing to sustain appellant's timely objection to inflammatory and prejudicial photographs.

<u>FACTS</u>

The State Called Janis Townsend Parchman, one of the Dallas County Medical examiners. Dr. Parchman testified that as part of the autopsy photographs were taken (RR4:31) The state sought to introduce the photographs.

During a voir dire examination by Defense Counsel, (RR4:34) Dr. Parchamn was questioned as to the necessity of the photographs being shown to the Jury. (RR4:34) And she testified that experience, many people could not evision the injuries and they needed to see the photographs.(RR4:35)

Trial Counsel objected to the introduction of the photographs as being "prejudicial and flamatory [sic]." The objection was overruled.

<u>ARGUMENT AND AUTHORITIES</u>

Rule 403, of the Texas Rules of Evidence provides:

> Although relevant, evidence may be excluded if the its probative value is substantially outweighted by the danger of unfair purjudice, confusion of the issues or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence.

The Rule exludes evidence when there is a "clear disparity between the degree of prejudice of the offered evidence and

of the offered evidence and its probative value." <u>Connor v. State</u>, 67 S.W. 3d 192, 202 (Tex.Crim.App. 2001) The first factor, and the one complained of by appellant, leads to the exclusion of relevant evidence is the phrase "unfair prejudice" which refers not to the evidence's potentially adverse or detrimental effect but to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>Giglibobianco v. State</u>, 210 S.W. 3d 637,641 (Tex.Crim. App. 2006) See also, <u>Old Chief v. United States</u>, 519 U.S. 172, (1997)(defining "unfair prejudice as "the capacity of some of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged")

Texas Courts have set out a more elaborate balancing test for determining whether the danger of unfair prejudice substantially outweighs the evidence's probative value. The Court of Criminal Appeals has suggested that:

> [Courts] must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponents need for that evidence against (3) any tendency of the evidence to confuse or distract the jury tht has not been equipped to evaluate the the probative force of the evidence, and (6) the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. <u>Casey v. State</u>, 215 S.W. 3d 870, (Tex.Crim.App. 2007)

In the present case, it was undisputed that both of the victims of the accident were deceased. The state had no ligitmate need to offer the autopsy photographs to the jury.

Several recent cases have held that the admission of photographs-particularly those of autopsies and crime vitims-should be analyzed more rigorously under Rule 403. In <u>Prible v. State,</u> 175 S.W. 3d 724 (Tex.Crim.App. 2005). The court of criminal appeals held that the admission of numerous post-autopsy photographs of three young children's lungs and tracheas was error under Rule 403 when capital murder defendant was charged only the deaths of the childrens parents. Although the cause of children's deaths by smoke inhalation was of some probative value to corroborate the testimony of the State's witness, introducing the post-autopsy photographs of the children was unfairly prejudicial and threatened to confuse the disputed issues.

Similarly, in <u>Erazo v. State</u>, 144 S.W. 3d 487,488 (Tex.Crim. App. 2004) the court held it was error to admit a photograph of a fetus removed f4rom the murder victim's womb during the the autopsy. The court distinguished between the admissibility of crime-scene photographs, which depict the dircet results of a defendant's actions, and other photographs such as those taken after an autopsy, which demonstrate the collateral results of a crime or illustrate the steps in the investigatory process.

Here the admission of photographs,of a infant was so predduical as to confuse the issues. As the sole issue here at trial was whether Appelant was the driver of the vehicle which caused the accident. In this issue, the evidence was not overwhelming; both witnesses to the accident saw two occupants to the vehicle.

Neither witness was able to positively identify the Applicant as the driver of the vehicle. The photographs were only introduced to so inflame the jury so they would return a verdict of guilty.

## ISSUE FIVE

**Trial Counsel was ineffective for failing to move to suppress evidance describing tests to which appellant, while under arrest, had be subjected.**

## FACTS

The applicant was arrested at the scene of the accident. (RR3:63) Deputy Nelms noticed what appeared to be blood on on the driver's side air-bag. (RR3:89) Deputy Brroadnax, testified he was present at the hospitial during the "mandatory blood" draw. (RR3:159) Heather Cowan, a registered nurse, performed the blood draw at the direction of law enforcement. (RR3: 182) Erin Spargo, Deputy Chief of Forensic Chemistry with Southwestern Institute of Forensic Sciences (SWIFTS) analyzed the mandatory blood for purposes of blood and alcohol content. (RR3: 195) Derric Whaley, a detective at the Dallas County Sheriff's Office, Physical Evidence Section pursuant to a search warrant removed the driver's air bag from the truck involved in the in the accident. (RR3:224) And delivered the air bag to SWIFTS for forensic testing. (RR3:224). Alexander Nham the Forensic Biologist at SWIFTS, analyzed the air bag for blood. (RR3:230). The blood was sent to the DNA section of the SWIFTS facility for analysis. (RR3:234). Finally, Courtney Ferreira, the Forensic Biologist at SWIFTS analyzed the blood sample for

DNA comparison (RR4:19) The blood sample from the air bag was compared to a known blood sample-obtained without any warrant in the mandatory blood draw- of the appellant. (RR4:19)

Trial Counsel never questioned the orgin of the blood sample used for comparison. (RR4:19)

## ARGUMENT AND AUTHORITIES

"[T]he right to counsel is the right to effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365,377 (1986). Article 1, Section 10 of the Texas Constitution entitles a defendant to effective assistance of counsel. Hernandez v. State, 726 S.W. 2d 53,56-57 (Tex.Crim.App. 1986).

Effective representation in a non-capital case is evaluated under the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984).

In order to prevail on a claim of ineffectivness an appellant must show both:

Deficient performance- that trial counsel's performance failed to constitute "reasonably effective assistance," i.e., counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and

Prejudice-that there was a "reasonable probability" the result of the proceeding would have been different but for counsel' deficient performance, i.e., a probability sufficient to undermine the outcome of the proceeding.

In the instant case the appellant was entitled to suppression of the results of the DNA test which was obtained without his consent or warrant. Tex.Transp. Code §724.011 provides:

"If a person is arrested for an offense arising out

of acts alleged to have been committed while the person was operating a motor vehicle in a public place... the person is deemed to have consented...to submit to the taking of one or more specimens of the person's ...blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

There is nothing in the statute that permits the taking of blood for purposes of obtaining a DNA profile of the appellant. The taking of a blood sample from a defendant under arrest is a search and sizure within the meaning of Art. 1 Section 9 of Texas Constitution, "thus the state was required to comply with the provision of Tex.Code Crim. proc. art 1.06 and Chapter 18. Escamilla v. State,556 S.W. 2d 796 (Tex.Crim.App. 1977).

Consequently, has trial counsel objected to the introduction of the blood evidence obtained in violation of Texas Law and the Texas Constitution, there was a resonable probability had trial counsel objected to this evidence, the court would supressed it.

Appellant was harmed by the introduction of the evidence, there was not clear identification of appellant as the driver of the truck. Both witnesses at the scene failed to identify appellant as the driver. Importantly, both witnesses testified there were two occupants of the truck which caused the collision. The State never answered the question of "What happened to the other Guy?" Therefore there is a reasonable probability appellant could not have been convicted without this evidence.

## CONCLUSION

This appellant as presented five (5) non-frivolous issues that were available for appeal. Appellant has been prejudiced in the preparation of this brief due to teh incomplete records provided by the court. Appellant never received from the court the now seceret bench conferences, never received any of photos, maps, statements, reports search warrants, toxicology reports, chain of custody reports, SWIFTS reports, a copy of the slide show, or disc crash demo, copies of the the jail call CD.

Moreover, has been prejudiced by the inadequate law-library, services in prison, the unreasonable time constraints in lieu of the unconstitutional access to courts provided by TDCJ. Consequently, due to the incomplete record, and inadequate law library, appellant asks the court, in the interest of justice, to appoint another attorney to re-brief the issues presented. Further, appellant asks the court to allow the new attorney to brief any issues he or she should discover.

## PRAYER FOR RELIEF

For all of these reasons, appellant asks the court to appoint new counsel to brief the issues raised in his pro se brief, to provide a complete record so the issues can be properly raised in the new brief.

Appellant prays for any other relief to which he may be entitled.

Respectfully submitted,

X _____

Aramando Soto,
Appellant pro se
#1740241-Coffield Unit
2661 F.M. 2054
Tennessee Colony,TX 75884

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's pro sey brief was mailed to the attorney representing the state- Susan Hawk, 133 North Riverfront Blvd-LB-2- on this 10 day November, by United States First Class Mail, proper postage attached.

X _____
Aramando Soto

## CERTIFICATE OF MAILING

I certify that Appellant's pro se brief was deposited in institutional mail system here at the H.H. Coffield Unit on this 10 day of November, 2015, proper United States Postage attached.

X _Aramando Soto_ (signature)

Aramando Soto